447 F.2d 747
 Ernest J. JACKSON, Petitioner-Appellant,
v.
ATTORNEY GENERAL OF the UNITED STATES, Respondent-Appellee.
No. 71-2024 Summary Calendar.*
Rule 18, 5th Cir.; See Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431
F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 Aug. 23, 1971.
 
 Troy R. Millikan, Atlanta, Ga., court appointed, for petitioner-appellant.
 John W. Stokes, Jr., U.S. Atty., Richard H. Still, E. Ray Taylor, Jr., Asst. U.S. Attys., Atlanta, for respondent-appellee.
 Before COLEMAN, SIMPSON, and MORGAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 The hereunto appended Order of the District Court for the Northern District of Georgia is
 
 
 2
 Affirmed.
 
 APPENDIX
 
 3
 United States District Court Northern District of Georgia Atlanta Division
 
 
 4
 Ernest J. Jackson versus Attorney General of the United States
 
 Civil Action No. 14303
 ORDER
 
 5
 Under the authority of 18 U.S.C. 3568 and Davis v. Attorney General, 425 F.2d 238 (5th Cir. 1970), petitioner seeks credit toward his federal sentence for time spent in state custody, alleging that state authorities relied on a federal mandatory release violator warrant detainer to deny him release on bond. Though this allegation, if proven, would entitle petitioner to relief under the Davis decision, the court finds that petitioner did not prove his allegation and the petition for the writ of habeas corpus[1] must therefore be denied.
 
 
 6
 At the evidentiary hearing the parties entered into a stipulation of the essential facts. It therefore appears without dispute that petitioner was sentenced by a federal district court on April 20, 1960, to a term of ten years imprisonment and that petitioner was mandatorily released in 1966. On November 28, 1968, petitioner was apprehended by New York authorities on state charges and bail was set on November 30, 1968. A federal mandatory release violator warrant was issued on October 21, 1968, and filed against petitioner as a federal detainer on December 10, 1968. On September 4, 1969, petitioner pled guilty to the state charges and was sentenced to one year imprisonment. On September 30, 1969, petitioner was released by state authorities; the federal warrant was executed; and petitioner was taken into federal custody. It was further stipulated that had petitioner posted bond on the state charges he would have been released from state custody and placed into federal custody. At the hearing petitioner testified that he wanted to make bond on the state charges in order that he might be taken into federal custody, thereby allowing him to commence service of the unexpired portion of his federal sentence. Notwithstanding this desire, petitioner was unable to post the required bond to obtain his release from state custody. The evidence further showed that petitioner received credit toward his state sentence for time spent in custody between November 30, 1968, and September 30, 1969. Upon these facts and Davis, petitioner contends he is entitled to credit for time spent in custody between December 10, 1968 (the filing of the federal detainer) and September 4, 1969 (the date sentence was imposed by the state court).
 
 
 7
 Since the Davis decision this court has considered a number of cases where that decision was invoked.[2] Without attempting to explain or distinguish these decisions, the court concludes that Davis simply does not apply under the facts here presented. The whole rationale of Davis is that there it was the presence of the federal parole violator warrant which 'caused' the state officials to deny release on state bail.[3] Such is not the case here. The pertinent language of Davis is as follows:
 
 
 8
 'Appellant represents that even though the parole violator warrant was not then executed, the federal detainer was responsible for his confinement because the state officials relied on the detainer warrant to refuse to release him on bail.
 
 
 9
 'We hold that the appellant has adequately alleged facts which, if proven, will entitle him to credit on his federal sentence under 18 U.S.C. 3568. If he was denied release on bail because the federal detainer was lodged against him, then that was time 'spent in custody in connection with the (federal) offense,' since the detainer was issued upon authority of the appellant's federal conviction and sentence." 425 F.2d at 240.
 
 
 10
 Here the petitioner was not denied state bail because of the parole violator warrant; in fact, he was not denied state bail at all. Though it was offered to him and though he wanted it, he simply could not make it. The parole violator warrant had nothing to do with petitioner's failure to be released from state custody. It is true, as petitioner argues, that had he been able to make bail in the state courts he would have immediately been picked up under the federal warrant. It is also true that once picked up under the federal parole violator warrant, he would not be eligible for federal bail and hence would not have been released from 'all' incarceration in any event. But this is true as to all parole violators and is irrelevant for our consideration here because such confinement denies petitioner none of his rights.
 
 
 11
 Let us put petitioner's position in perspective. Here he owed a debt to two sovereigns. Each had a right to exact its debt successively and independently of the other. The only question is which debt he started paying first. For every day he spent in jail because of either, the petitioner was and is entitled to credit from one sovereign or the other. But what he now claims is that, having already received credit from one, he is now entitled to credit from both. Carried to its logical conclusion this could only mean that as to a prisoner facing both state charges and federal parole revocation, all state jail time is necessarily joint and concurrent with the unexpired portion of his federal sentence.
 
 
 12
 The court does not read Davis as requiring any such result. Certainly that is not what Davis says and certainly it has never been the law before. Cox v. Feldkamp, 438 F.2d 1 (5th Cir. 1971); Tirado v. Blackwell, 379 F.2d 619 (5th Cir. 1967); Buchanan v. Blackwell, 372 F.2d 451 (5th Cir. 1967); Smith v. Blackwell, 367 F.2d 539 (5th Cir. 1966). See Moore v. Smith, 412 F.2d 720, n. 4 (7th Cir. 1969); Petition of Castaldi, 305 F.Supp. 421 (E.D.Mo.1969), aff'd 428 F.2d 371 (8th Cir. 1970); Ellis v. Chappell, 230 F.Supp. 164 (D.D.C.1964). Under the construction urged by petitioner, if a prisoner could stay in a state jail long enough, he could wipe out all punishment for a federal parole violation, without having served a day, and at the same time earn credit against any state sentence which might later be imposed. It would also give a prisoner not making bond an advantage over those who did. See United States v. Werner, No. 12146 (4th Cir. 1969).
 
 
 13
 The court concludes therefore that where, as in Davis, it is the federal warrant which prevents state bail by the local authorities, federal jail time must be credited. Where, as here, the prisoner declines state bail, or cannot make it, federal credit does not commence until he is actually surrendered to federal authorities.
 
 
 14
 The petitioner's application is therefore denied.[4]
 
 
 15
 It is so ordered.
 
 
 16
 This 28 day of April, 1971.
 
 
 17
 (s) Newell Edenfield NEWELL EDENFIELD United States District Judge
 
 
 
 [1]
 The petition was originally regarded as a petition seeking relief in the nature of mandamus. Since petitioner now asserts that he is entitled to immediate release, the petition will be regarded as seeking habeas corpus relief
 
 
 [2]
 E.g., Boyd v. United States, No. 14833 (N.D.Ga. Apr. 9, 1971); Davis v. Attorney General, No. 12632 (N.D.Ga. Oct. 14, 1970); Ballard v. Balackwell, No. 13721 (N.D.Ga. Oct. 9, 1970)
 
 
 [3]
 It is important to note that in Davis the Fifth Circuit was reviewing the district court's decision, which summarily dismissed Davis' petition. Therefore the Circuit Court had only petitioner's allegations before it, rather than a decision based upon factual findings made by the district judge following an evidentiary hearing
 
 
 [4]
 Considering the varying applications of Davis, it would seem appropriate for this petitioner to be released on bond pending appeal, if he elects to appeal. Therefore, if a notice of appeal is filed, petitioner may submit therewith a motion for bond pending appeal for the court's consideration