Harry BOYD, Jr., Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 71–2217

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 14, 1971.

Harry Boyd, Jr., pro se.

John W. Stokes, Jr., U. S. Atty., E. Ray Taylor, Jr., Asst. U. S. Atty., Atlanta, Ga., for respondent-appellee.

Before COLEMAN, SIMPSON, and MORGAN, Circuit Judges.

PER CURIAM:

Harry Boyd, Jr. has appealed from the district court's denial of his mandamus petition seeking credit on his federal sentence for certain time spent in state custody. We affirm, for the reasons stated in the district court's final order and order on rehearing, which are

---

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

appended hereto. Jackson v. Attorney General, 5th Cir. 1971, 447 F.2d 747.

Affirmed.

## APPENDIX

Civil Action
Number 14,833

United States District Court Northern District of Georgia Atlanta Division

Filed: Apr. 13, 1971

Harry Boyd, Jr.,
                    Petitioner,

versus

United States of America,
                    Respondent.

This case came on for decision on the uncontroverted facts shown by the parties' responses to the show cause order filed March 8, 1971. Since the relevant facts are undisputed, there is no need for an evidentiary hearing. Petitioner's motion for the same and for appointed counsel are denied. The petition, too, must be denied.

Petitioner was arrested March 14, 1969, by state officials in Montgomery, Alabama, and was extradited to Louisiana May 9, 1969, where he was held by Louisiana officials in connection with traffic violations and state charges of forgery and knowing receipt of stolen money orders. Bail of $20,000 was set on the state charges. On May 17, 1969, a detainer was filed against the petitioner with Louisiana officials, by local Texas authorities in connection with certain Texas charges. On August 4, 1969, a federal detainer was also lodged against the petitioner, based upon charges that he committed certain bailable federal offenses. He was indicted on the federal charges February 5, 1970, and bail was set at $3,000. He was returned to Alabama, tried in the United States District Court for the Middle District of Alabama, and convicted of violating 18 U.S.C.A. § 2314 (transportation of stolen securities in interstate commerce) and 18 U.S.C.A. § 371 (conspiracy). The state charges of forgery, and receipt of stolen money orders were *nol-prossed*, and petitioner was committed to serve his federal sentence June 25, 1970.

■ Petitioner claims that under 18 U.S.C.A. § 3568 and Davis v. Attorney General, 425 F.2d 238 (5th Cir. 1970) he is entitled to credit on his federal sentence for the time he spent in custody between his original arrest and his federal commitment. However, the Court does not agree that during that period, petitioner was in custody "in connection with the offense or acts for which [the federal] sentence was imposed." In *Davis* the petitioner was refused release on state bail because a federal detainer had been lodged against him. Since that detainer had been issued on a mandatory release violator's warrant, in *Davis* the prisoner could not have secured his release by obtaining admission to federal bail as well as state bail. Here, to the contrary, petitioner could have obtained his release by posting state bond, applying to be admitted to federal bail, and then posting federal bond or obtaining release on his personal recognizance or unsecured bond pursuant to Section 3(a) of the Bail Reform Act of 1966, 18 U.S.C.A. § 3146. In short, petitioner was not in custody "in connection with" his federal offenses because, at any time during his pre-trial state custody, he could have been admitted to federal bail by taking appropriate steps under the Bail Reform Act of 1966, Pub.L. 89–465, 80 Stat. 217.

■ The thrust of *Davis* is to the effect that denial of state bail must be caused by the federal detainer. If state bail is granted, petitioner is then free to seek federal bail and no credit for state custody is allowed. As a corollary, it seems useless for a prisoner to make state bail if immediate federal custody —not subject to bail—is to follow. Consequently, in those two instances the courts will grant credit towards a subsequent federal sentence for the "jail time" spent in state custody. However, some petitioners appear to contend that the mere presence of a state and federal charge at the same time automatically

grants credit. It does not. If both charges are bailable, a prisoner is free to seek the right of bail in each instance. Failure to do so does not inure to receive double credit. Thus, *Davis* applies only where a prisoner continues in state custody solely because of the presence of a federal detainer issued in connection with a non-bailable federal offense, or a federal offense for which bail has been refused.

Under 18 U.S.C.A. § 3568, the Attorney General is to credit a prisoner only with those days spent in custody "in connection with the offense or acts" for which his federal sentence was imposed. It appearing that the time petitioner was in state custody between his arrest and federal commitment was not spent in custody "in connection with the offense or acts" for which his federal sentence was imposed, it follows that petitioner is not entitled to the credit he seeks, and the motion for a writ of mandamus is denied.

It is so ordered.

This the 9th day of April, 1971.

(Signed) SIDNEY O. SMITH, JR.
Sidney O. Smith, Jr.
United States District Judge

---

Civil Action
Number 14,833
United States District Court
Northern District of Georgia
Atlanta Division
Filed: May 14, 1971

Harry Boyd, Jr.,
versus
United States of America

Petitioner has filed a motion to vacate the judgment entered on his petition for a writ of mandamus. The motion will be denied.

Only two points need discussion. Petitioner argues that the documentary evidence raises an issue of fact as to whether a federal detainer was filed with Louisiana officials on August 4, 1969, as determined by the Court, or on June 30, 1969. And he also urges that federal bail was not in fact set until February 9, 1970. Under the theory upon which the case was decided, the dates the detainer was filed, and federal bail was actually set are not crucial facts. The Court merely held that *Davis* does not apply where the federal detainer is based on a bailable offense, because the petitioner is free to post state bail and then obtain admission to federal bail. Whether a prisoner chooses to take these steps, and when they actually are taken is of no consequence.

Here, petitioner could have posted his Louisiana bail any time after it was set, which apparently was in May, 1969. He would have had to make similar arrangements in connection with Texas charges, a detainer for which was filed with Louisiana officials May 17, 1969. Then, the only cause for holding him would have been the federal detainer.

Assuming that the petitioner could have made all arrangements to post state bail by June or July, 1969, and even recalling that he was not actually indicted on the federal charges until February, 1970, once a federal warrant was the sole cause of his confinement he could have quickly obtained a preliminary hearing and either a complete discharge or admission to bail, under Fed. R.Crim.P. 5 and the Bail Reform Act of 1966, Pub.L. 89–465, 80 Stat. 217. It follows that petitioner's contentions as to the date the federal detainer was lodged against him and the date federal bail was finally set do not affect the Court's decision.

Accordingly, the motion to vacate judgment is denied.

It is so ordered.

This the 12th day of May, 1971.

(Signed) SIDNEY O. SMITH, JR.
Sidney O. Smith, Jr.
United States District Judge