**C. B. SPENCE, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 71-2730.

United States Court of Appeals, Fifth Circuit.

Dec. 30, 1971.

C. B. Spence, pro se.

Eldon B. Mahon, U. S. Atty., Dallas, Tex., for respondent-appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

Appeal from denial by the District Court of a petition for credit on appellant's federal sentence for time spent in state custody prior to commencement of his federal sentence.[1]

Appellant alleged that he was arrested and charged with forgery by the State of Texas on May 4, 1968, that federal authorities filed a detainer against him in June, 1968, charging him with interstate transportation of forged securities, 18 U.S.C. § 2314, and that he remained in state custody, unable to post bond, until January 14, 1969, at which time he received a five-year sentence on the federal charge. Thereafter, he was sentenced on the state charge to three years, to run concurrently with the federal sentence, and credit was accorded him for presentence "jail time." He contends that he should be given credit upon his federal sentence for time spent in state custody prior to sentencing because he was unable to post bond on the state charge as a result of the federal detainer.

Even if appellant was given credit on his state sentence for presentence custo-

dy, if that sentence runs concurrently with a longer federal sentence and he was unable to post bond on the state charge solely because of the existence of the federal detainer, he is entitled to credit on the federal sentence. Willis v. United States, 5th Cir.1971, 438 F.2d 923; Cf. Radcliffe v. Clark, 5th Cir. 1971, 451 F.2d 250.

There were no findings on the question of whether appellant's confinement between June, 1968 and January, 1969 was attributable to the federal detainer.[2] We remand for further proceedings, and an evidentiary hearing if necessary, on appellant's contention that he is entitled to credit for that period. Ballard v. Blackwell, 5th Cir. 1971, 449 F.2d 868.

Reversed and remanded.

---

1. It is appropriate to dispose of this pro se case summarily, pursuant to this Court's local Rule 9(c) (2), appellant having failed to file a brief within the time fixed by Rule 31, Federal Rules of Appellate Procedure. Kimbrough v. Beto, Director, 5th Cir. 1969, 412 F.2d 981.

2. Howard v. United States, 5th Cir. 1970, 420 F.2d 478, on which the district court

based its ruling, is inapposite to the facts of this case.

