Michael J. O'CONNOR, Petitioner-Appellant,

v.

ATTORNEY GENERAL OF the UNITED STATES and J. D. Henderson, Warden, Respondents-Appellees.

No. 72–1562.

United States Court of Appeals, Fifth Circuit.

Dec. 12, 1972.

C. Ronald Ellington, Professor of Law, Athens, Ga., Court-appointed for petitioner-appellant.

John W. Stokes, U. S. Atty., P. Bruce Kirwan, E. Ray Taylor, Jr., Asst. U. S. Attys., Atlanta, Ga., for respondents-appellees.

Before TUTTLE, BELL, and AINSWORTH, Circuit Judges.

BELL, Circuit Judge:

Appellant, a federal prisoner, claims credit under 18 U.S.C.A. § 3568, on his federal sentence for time served in a state prison. See Davis v. Attorney General, 5 Cir., 1970, 425 F.2d 238. The alleged basis for the claim is a federal detainer which prevented his release on bond while being held on a state criminal charge. The district court denied relief without an evidentiary hearing. We reverse with the direction that appellant be required to exhaust his administrative remedy, hereinafter described, and for the determination thereafter by the court of factual issues if the question has not been otherwise resolved.

The facts are that appellant was serving a New Jersey life sentence for murder. The sentence was imposed in May, 1963. Thereafter, on June 14, 1973, appellant received a federal sentence of five years on a plea of guilty to bank robbery. This sentence was to be served consecutively to the state sentence.

A federal writ of habeas corpus was granted by a United States District Court on July 9, 1969 subject to the right of New Jersey to re-prosecute appellant. This grant was pursuant to an order of the Court of Appeals for the Third Circuit. United States ex rel. O'Connor v. New Jersey, 3 Cir., 1969, 405 F.2d 632. The district court order provided that ". . . the indictment shall remain open and petitioner subject to the usual incident of release on bail bond in form and amount as approved by a New Jersey state judge."

Appellant then entered a plea of guilty to manslaughter with the result that his sentence was such as to require his immediate release to federal authorities. He, in fact, had served six months longer than necessary, taking into consideration

credit for working time and statutory commutation time. Appellant claims credit for this six months or alternatively for the time between the decision of the Federal Court of Appeals and his state release date.

 The district court was correct in rejecting these particular periods of time. There was simply no basis alleged for the proposition that the federal detainer prevented appellant's release during the period up to the date the writ issued in the federal district court—July 9, 1969. The conditions of release were not set until that date, and it was only at this point that appellant arguably could have made bail. Thus, at most, the period July 9, 1969—November 12, 1969, is involved.

Whether appellant was denied bail during this period because of the federal detainer is quite another matter. The district court denied relief as a matter of law on the void state sentence doctrine of Scott v. United States, 5 Cir., 1970, 434 F.2d 11, 21; Green v. United States, 1 Cir., 1964, 334 F.2d 733. This doctrine was applicable to the six month period of overservice, and the district court would have been correct in denying credit for the period of overservice if nothing else had been involved.

There was, however, more involved. As noted, there was the period from the granting of the writ to the date of the state sentence for manslaughter, July 9, 1969—November 12, 1969, when appellant, under the terms of the federal court order, might possibly have been admitted to bail. Whether bail was possible under the New Jersey law and whether a nexus exists between the federal detainer and appellant's continued confinement are fact questions for determination in the district court. See State v. Konigsberg, 1960, 33 N.J. 367, 164 A.2d 740, 743, on the right to bail under some circumstances in New Jersey where the charge is murder. On remand, the burden of appellant in the district court will be two-fold: (1) to establish that bail was possible; and (2) to show that the federal detainer alone caused his continued state confinement. Ballard v. Blackwell, 5 Cir., 1971, 449 F.2d 868, 869.

These cases arising under 18 U.S.C.A., § 3568, and Davis v. Attorney General, supra, present procedural difficulties in that witnesses having knowledge of the facts surrounding state detention and the failure to make bail are usually far removed from the federal courts where claims of the type here are asserted. In order to facilitate the matter of proper credit being given to federal prisoners, the Office of Legal Counsel, Bureau of Prisons, Attorney General's Office, Washington, D. C., has established an internal administrative procedure to process such claims. The district court should require appellant to utilize this administrative remedy before proceeding to the fact questions in issue. Cf. Ray v. United States, N.D., Ga., 1971, 334 F.Supp. 901, aff'd, 5 Cir., 450 F.2d 347 (1971).

Reversed and remanded with direction.