**Wilhelm J. BRUSS, Sr., Petitioner-Appellant,**

v.

**C. E. HARRIS, Warden, United States Penitentiary, Leavenworth, Kansas, Respondent-Appellee.**

**No. 72–1589.**

United States Court of Appeals, Tenth Circuit.

May 29, 1973.

Durfee, Senior Judge, dissented and filed opinion.

Carl Feldhamer, Denver, Colo., for petitioner-appellant.

Bruce E. Miller, Asst. U. S. Atty. (Robert J. Roth, U. S. Atty., on the brief), for respondent-appellee.

Before BREITENSTEIN and DOYLE, Circuit Judges, and DURFEE,* Judge, Court of Claims.

BREITENSTEIN, Circuit Judge.

In this habeas corpus proceeding a federal prisoner seeks a recomputation of the time which he must serve. The district court dismissed the petition, and the petitioner has appealed.

Petitioner was arrested on federal charges on January 9, 1971, and, after an examination to determine his mental competency, was released on a personal recognizance bond on March 9, 1971. While free, petitioner was arrested and jailed on an unrelated state charge in Nebraska. He appeared in federal court under a writ of habeas corpus ad prosequendum, pleaded guilty to a violation of 18 U.S.C. § 659, was sentenced on July 2, 1971, to three years imprisonment, and was immediately returned to state custody. He entered a guilty plea to the state charge and on October 28, 1971, was sentenced to two years imprisonment to run concurrently with the feder-

* Sitting by designation.

al sentence and was released to federal authorities.

The issue is whether the petitioner is entitled to credit on his federal sentence for the period from July 2 to October 28, 1971, when he was in state custody awaiting disposition of the state charges. Petitioner says that he is entitled to the credit because a federal detainer prevented him from making bond on the state charge. Credit for the time in state custody was given in the state sentence.

Petitioner was arraigned on the state charge on June 9, 1971, and upon his plea of not guilty, bond was fixed at $3,500. After the federal sentence and the return of petitioner to state custody, a federal detainer against petitioner was filed with the state authorities. The date when the detainer was filed does not appear in the record. The petition for relief alleges:

"Petitioner attempted to raise the bond set by the State of Nebraska and succeeded. Upon raising said bond Petitioner talked with two bondsmen in Lincoln and was informed by both bondsmen that since a federal detainer had been placed against him they would not consider accepting the amount of money needed for the State bond."

The district court held no evidentiary hearing and, on the basis of the petition and the response thereto, concluded that the petitioner was not entitled to have the time in question credited on the federal sentence.

Petitioner relies on a line of Fifth Circuit decisions. See Davis v. Attorney General, 5 Cir., 425 F.2d 238, 240; Ballard v. Blackwell, 5 Cir., 449 F.2d 868, 870; Spence v. United States, 5 Cir., 452 F.2d 1198, 1199, and O'Connor v. Attorney General, 5 Cir., 470 F.2d 732, 734. The last, O'Connor, dealt with whether jail time on a New Jersey state charge should be credited against a federal sentence imposed in Georgia. The court pointed out the procedural difficulties and remanded the case with directions that the district court should require appellant to utilize an available administrative remedy before proceeding to the fact questions in issue. The record before us does not show any applicable administrative remedies. The Davis, Ballard, and Spence decisions remanded for further evidentiary hearing to determine whether the state detention was solely due to the federal detainer. Only one of these cases, Spence, dealt with the question of double credit. It held that if the state sentence runs concurrently with a longer federal sentence and the prisoner was unable to post state bond solely because of the federal detainer, he is entitled to credit on the federal sentence. We are unable to reconcile the Spence decision with Jackson v. Attorney General, 5 Cir., 447 F.2d 747, 748–749, which denies double credit and holds that where the prisoner declines state bail or cannot make it, federal credit does not begin until he is surrendered to federal authorities.

Section 3568, 18 U.S.C., provides that a federal sentence begins to run on the date when the person is received at the institution for the service of the sentence and that the Attorney General shall credit toward service of the sentence "any days spent in custody in connection with the offense or acts for which the sentence was imposed." The question is whether the July 2–October 28 state custody was jail time served in connection with the federal sentence. We believe that it was not. The controlling facts appear in the record and are not controverted. No evidentiary hearing was required. State bond was fixed prior to the federal sentence. At that time, and for several weeks thereafter, no federal action impinged on his right to release. Petitioner does not claim that he was unable to make the state bond because of indigency. Rather, he says that he "succeeded" in raising the bond and that two bondsmen would not act because of the federal detainer. Additionally, he received a credit for the

time in question against the state sentence.

We attach no significance to the fact that the state sentence ran concurrently with the previously imposed federal sentence. Petitioner owed a debt to two sovereigns, and each had a right to exact its debt independently of the other. The petitioner's claim is that after having received credit from one sovereign he is entitled to credit from both. We do not agree. He is not entitled to double credit. Shields v. Daggett, 8 Cir., 460 F.2d 1060, 1061. In our opinion the jail time in question was not spent in connection with the offense or acts for which the federal sentence was imposed, and, consequently, he is not entitled to credit against the federal sentence.

Affirmed.

DURFEE, Senior Judge (dissenting).

I respectfully dissent. The question, as stated by the majority is "whether the July 2–October 28 state custody was jail time served in connection with the Federal sentence."

The majority has concluded that the jail time was not spent in connection with the offense or acts for which the Federal sentence was imposed. I agree only insofar as to the period of jail time *prior to* July 2.

On July 2, 1971, appellant was sentenced in the U. S. District Court for the District of Nebraska to three years imprisonment for violation of 18 U.S.C. § 659. Appellant alleged that on that day he was returned to state custody, placed in the Lincoln City-County Jail and placed under a Federal detainer. Petitioner-appellant argues that his failure to secure release from his state imprisonment was due to the Federal detainer. Appellant alleges that he was informed by two bondsmen "that since a Federal detainer had been placed against him, they would not consider accepting the amount of money needed for the State bond." This allegation presents a

situation identical to the situation testified to by the petitioner-appellant in Ballard v. Blackwell, 449 F.2d 868, 870 (5th Cir. 1971).

If petitioner had been able to furnish the bail required by the state court, we may fairly assume that when he was released from the state jail on bail, he would immediately have been taken into Federal custody to serve his Federal sentence beginning on July 2, 1971, rather than on October 28, 1971, when he was sentenced on the state charge and released to the U. S. Marshal to begin serving his three-year Federal sentence.

The District Court concluded that petitioner's custody from July 2 to October 28, 1971, was attributable to the state rather than the Federal charge. It held no evidentiary hearing and made no determination either as to why petitioner was unable to furnish bond on the state charge, or whether there was a nexus, as claimed by petitioner, between this inability to furnish bond and the existence of the Federal detainer. Whether there is a nexus between the Federal detainer and continued state confinement is a fact question for the trial court as pointed out in O'Connor v. Attorney General, 470 F.2d 732, 734 (5th Cir. 1972).

In Davis v. Attorney General, 425 F. 2d 238 (5th Cir. 1970) state bail was set on state charges; Davis represented that the Federal detainer was responsible for his confinement because the state officials relied on the detainer warrant to refuse to release him on bail. Upon these allegations by Davis, the 5th Circuit Court held:

"If he was denied release on bail because the federal detainer was lodged against him, then that was time 'spent in custody in connection with the (federal) offense', since the detainer was issued upon authority of the appellant's federal conviction and sentence. Thus, the judgment of the dis-

trict court is reversed and the cause remanded for an evidentiary hearing on this issue." 425 F.2d at 240.

In both *Davis* and the instant case, the state court set the amount of bail to be required for release from state detention, and both Davis and petitioner Bruss alleged that they failed to secure bail because of the Federal detainer.[1]

In Jackson v. Attorney General, 447 F.2d 747, 748–749 (5th Cir. 1971), the Court of Appeals said:

"Though it [bail] was offered to him and though he wanted it, he simply could not make it. The parole violation on warrant (Federal) had nothing to do with petitioner's failure to be released from state custody."

This conclusion was reached because an evidentiary hearing by the District Court had established a fact. In the present case, no evidentiary hearing was held by the District Court to determine whether, as alleged by petitioner, he had been unable to be released on bail because his bondsmen had refused to post bond because of the Federal detainer, and whether, as a fact, there was a nexus between the Federal detainer and continued state confinement.

The majority notes that: "State bond was fixed prior to the federal sentence. At that time, and for several weeks thereafter, no federal action impinged on his right to release." All this is true but beside the point. Petitioner does not seek credit for this time from June 9, 1971, when bond was fixed, and before July 2, 1971, when petitioner alleges the detainer was placed upon him. *See e. g.*, United States v. Eidum, 474 F.2d 579 (9th Cir. 1973).

I agree that no significance attaches to the fact that the state sentence ran concurrently with the previously imposed Federal sentence. I also agree that petitioner owed a debt to two sovereigns and each had a right to exact its debt independently. But the fact of the matter is that if petitioner's allegations are taken to be true, as of July 2, 1971, each sovereign did not seek to exact its debt independently of the other.

In my opinion, the case should be remanded to determine, as stated in *O'Connor*, (1) whether bail was possible, and (2) whether the Federal detainer alone caused the continued state confinement, the burden to establish these two factors being upon appellant.

In *O'Connor*, the 5th Circuit Court held that the District Court on remand before proceeding to the fact questions at issue, should require appellant to utilize the administrative remedy and procedure provided by the Office of Legal Counsel, Bureau of Prisons, Attorney General's Office, Washington, D. C. The reason stated by the Court for this requirement was that "these cases arising under 18 U.S.C.A. § 3568, and Davis v. Attorney General, supra, present procedural difficulties in that witnesses having knowledge of the facts surrounding state detention, and the failure to make bail are usually far removed from the federal courts where claims of the type here are asserted." I do not know whether these "procedural difficulties" also exist within the Tenth Circuit. If they do, then the District Court, had this case been remanded, should have been instructed to require appellant to utilize the administrative remedy provided before proceeding to the fact questions which in my opinion, are in issue.

---

1. In Boyd v. United States, 448 F.2d 477–478 (5th Cir. 1971) the Court of Appeals adopted the reasoning of the District Court which said: "The thrust of *Davis* is to the effect that denial of state bail must be caused by the federal detainer. If state bail is granted, petitioner is then free to seek federal bail and no credit for state custody is allowed. As a corollary, it seems useless for a prisoner to make state bail if immediate federal custody—not subject to bail—is to follow. Consequently, in those two instances the courts will grant credit towards a subsequent federal sentence for the 'jail time' in state custody."