James CULOTTA, Petitioner-Appellant,

v.

Warden PICKETT, Respondent-Appellee.

No. 74–1360.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 8, 1974.

Decided Dec. 5, 1974.

Roy Eugene Clark, Mt. Vernon, Ill., for petitioner-appellant.

Henry A. Schwarz, U. S. Atty., William C. Evers, III, Asst. U. S. Atty., E. St. Louis, Ill., for respondent-appellee.

Before MARIS* and HASTINGS, Senior Circuit Judges, and TONE, Circuit Judge.

HASTINGS, Senior Circuit Judge.

Petitioner James Culotta is presently confined in the United States Penitentiary, Marion, Illinois, serving a federal sentence following his conviction for a violation of Title 18, U.S.C. § 472, on a charge relating to counterfeiting. He filed a petition for a writ of habeas corpus in the United States District Court for the Eastern District of Illinois, the Honorable James L. Foreman, Judge, presiding, claiming that he has been denied credit on his federal sentence for certain specified jail time served in the custody of the State of New York. It is asserted that the question presented under the facts of this case is one of first impression in this circuit. Other circuits have determined related cases in this area, but not the Supreme Court.

The matter was heard in the district court on a stipulation of facts. Petitioner was represented at this hearing, and now on appeal, by able court-appointed counsel. The court below filed a well-considered memorandum order and denied the habeas petition. This appeal followed.

This case involves the interpretation of Title 18, U.S.C. § 3568, which was last amended June 22, 1966, Pub.L. 89-465, § 4, 80 Stat. 214, and reads in relevant part:

The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed.

We are here concerned with the meaning to be ascribed to the words "for any days spent in custody in connection with the offense or acts for which sentence was imposed."

On July 23, 1966, petitioner was arrested by the New York state police for violation of the New York Penal Code McKinney's Consol.Laws, c. 40, §§ 887 and 1751, on charges relating to the use of counterfeit federal notes and possession of narcotics. At that time petitioner was on parole from a New York sentence which did not relate to counterfeiting and is believed to have been for armed robbery.

On July 25, 1966, a federal warrant of arrest was filed against petitioner charging violations of 18 U.S.C. § 472 (the same acts of counterfeiting involved in the above New York arrest), as a detainer.

Parole revocation proceedings were instituted against petitioner by the State of New York and on November 15, 1966, he was transferred from a county jail to a state prison and was released to the custody of the State of New York at that time. Petitioner's parole was revoked by the State of New York on January 18, 1967. Petitioner was never prosecuted by New York on the state counterfeiting or narcotics charges filed there.

Petitioner's present federal sentence was imposed on October 26, 1967, and filed as a detainer with the State of New York. Subsequently, petitioner was convicted of escape and sentenced to 120 days to run consecutively with his previous sentence.

Petitioner was released to federal custody by the State of New York on July 22, 1968. He was given credit on his federal sentence for the period of state jail time beginning July 23, 1966 (the date of his New York arrest while on

---

* Senior United States Circuit Judge Albert B. Maris of the United States Court of Appeals for the Third Circuit is sitting by designation.

parole), and ending November 15, 1966 (the date of his transfer from the New York county jail to New York state prison confinement).

Petitioner's present mandatory release date, as calculated by the Federal Bureau of Prisons, is on or about September 8, 1976.

The disputed period of time for which petitioner claims he is entitled to credit on his present federal sentence begins with November 16, 1966, and ends on October 25, 1967, the time period when he was in the exclusive custody of the State of New York until he received his present federal sentence. All days spent in New York custody, beginning on October 26, 1967, have been credited to his federal sentence, in addition to the prior credit given for the period from July 23, 1966 to November 15, 1966.

The issue is whether, pursuant to 18 U.S.C. § 3568 a federal prisoner is entitled to credit toward his federal sentence for time served in state custody for parole violation, where no other intervening state conviction resulted, but where his parole was revoked following the filing of a federal arrest warrant against him as a detainer, where the same acts both constituted a violation of federal law and served as a basis for his state parole revocation.

Judge Foreman aptly refers to relevant legislative history leading to the 1966 amendment of Section 3568, *supra,* which reads:

> Section 4 of the bill amends section 3568 of title 18 of the United States Code in order to provide credit for time spent in custody. Such a person shall receive credit toward service of a sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed. This credit shall be given by the Attorney General. This language requires that credit be given for the time spent in custody in connection with the charge or acts on which the person was arrested or on which he was sentenced. This will cover the situation where a person is arrested on a serious charge but convicted and sentenced later for a lesser offense. It would also include *credit for time spent in State custody on a charge which subsequently evolves as a federal offense.* (Emphasis added.) H.R.Rep.No.1541, 1966 U.S.Code Cong. & Admin.News at p. 2306.

Since the disputed period of time while petitioner was in state custody arose out of the same acts which both constituted a violation of federal law and served as a basis for his state parole revocation, petitioner contends that he is entitled to this credit because it was "spent in custody in connection with the offense or acts for which [his federal] sentence was imposed." Section 3568, *supra.*

Respondent Warden Pickett points out that during this disputed period petitioner was in the exclusive custody of New York and that a parolee in New York may not be released on bail pending his parole revocation hearing. People ex rel. Angell v. Lynch, 337 N.Y.S.2d 556, 71 Misc.2d 921 (1972).

Here, it becomes readily apparent that petitioner was held in exclusive state custody from the time he was released from the jail to the state prison (November 16, 1966) to the date of the imposition of his federal sentence (October 25, 1967). This period of time was solely in connection with his state parole violation and was entirely independent of his federal prosecution or sentence.

A number of circuits have determined cases in this particular area adversely to the contentions asserted by petitioner here. At the outset, of course, is the principle of law that there is no federal constitutional right to credit for time served prior to sentence. Gremillion v. Henderson, 5 Cir., 425 F.2d 1293, 1294 (1970). The instant appeal is controlled by the provisions of Section 3568, *supra.*

Chaplin v. United States, 5 Cir., 451 F.2d 179 (1971), was a case closely akin to the pending matter. There a petitioner was arrested on federal charges

while on parole by state authorities, and while free on bond with respect to the federal charges was arrested by state authorities for parole violation. During some 21 months thereafter petitioner was exclusively in state custody for parole violations except when appearing in federal court by habeas corpus ad prosequendum. The federal detainer had no effect on his state confinement since he could not have made bail on the state charges. It was held that he was *not* entitled to credit on his federal prison sentence for the time spent in state custody, even though his federal arrest was, in part, the cause of his state parole violation.[1]

The Eighth Circuit appears to have followed the Fifth Circuit in Shields v. Daggett, 8 Cir., 460 F.2d 1060 (1972); United States ex rel. Derengowski v. United States Attorney General, 8 Cir., 457 F.2d 812 (1972); and Doss v. United States, 8 Cir., 449 F.2d 1274 (1971). *See also* Bruss v. Harris, 10 Cir., 479 F.2d 392 (1973); United States v. McCrocklin, 6 Cir., 410 F.2d 1137 (1969). *Cf.* United States v. Eidum, 9 Cir., 474 F.2d 579 (1973).

Of interest is the case of Siegel v. United States, 2 Cir., 436 F.2d 92, 95 (1970). A New York state prisoner, while serving a state sentence imposed under New York law, was taken to a federal house of detention by agreement with New York authorities and was then returned to state custody following his sentencing in federal district court. He was given credit on his state sentence for the time spent during his federal detention. However, he claimed a similar credit therefor on his federal sentence. The Second Circuit affirmed a denial of this double credit. Mr. Justice Clark, Retired, speaking for the court, rejected the claim that double credit was re-

quired by Section 3568, *supra,* as an absurdity. He said, *inter alia:* "Section 3568 merely allows credit for all of the time that a prisoner is deprived of while held in custody in connection with the 'offenses or acts' on which he was sentenced. Appellant was being held on his state sentence—not his federal one—and was made available to federal authorities purely as a matter of comity." 436 F.2d at 95.

In light of the foregoing authorities and the memorandum decision of the court below, we are persuaded that a fair reading of Section 3568, *supra,* compels the conclusion that the days petitioner was held in exclusive state custody from the time he was released to the state prison (November 16, 1966) to the date of the imposition of his federal sentence (October 25, 1967), under the facts of this case, was time spent solely in connection with his state parole violation. Such time spent cannot be said to have been for "days spent in custody in connection with the offense or acts for which [his federal] sentence was imposed." *See also* references to Section 3568, *supra,* in Anglin v. Johnson, 7 Cir., 504 F.2d 1165, 1167, 1168 and 1169 (1974).

Petitioner has already received credit on his federal sentence for the period from July 23, 1966 to November 15, 1966, and for the period beginning October 26, 1967 and ending July 22, 1968, as hereinabove set out. He is not entitled to the claimed additional credit. We have carefully examined the authorities cited by petitioner in support of his contentions to the contrary and find them to be inapposite.

The judgment of the district court denying petitioner's petition for a writ of habeas corpus is affirmed.

Affirmed.

---

1. *See also* Burnett v. United States Board of Parole, 5 Cir., 491 F.2d 966 (1974); Savage v. Henderson, 5 Cir., 475 F.2d 78 (1973); Boyd v. United States, 5 Cir., 448 F.2d 477 (1971), cert. denied, 405 U.S. 992, 92 S.Ct. 1264, 31 L.Ed.2d 460 (1972); Jackson v. Attorney General, 5 Cir., 447 F.2d 747 (1971). *Cf.* Davis v. Attorney General, 5 Cir., 425 F.2d 238 (1970).