953 F.2d 1391
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Omar Wahid Rauf MAHAMMED, Petitioner-Appellant,
v.
UNITED STATES of America, R. Michael Cody, Respondents-Appellees.
 No. 91-6329.
 United States Court of Appeals, Tenth Circuit.
 Feb. 4, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.*
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 Petitioner-appellant Omar Wahid Rauf Mahammed was convicted and sentenced in federal court to one year of imprisonment for failure to file a federal income tax return. 26 U.S.C. § 7203. Before the government was able to incarcerate Petitioner in the federal penitentiary, however, Oklahoma obtained custody using a writ of habeas corpus ad prosequendum. Petitioner was convicted on unrelated drug charges in Oklahoma state court and sentenced to fifteen years imprisonment. The government then filed a detainer, seeking to be notified of Petitioner's scheduled release date. Petitioner challenged the federal detainer and sentence pursuant to a 28 U.S.C. §§ 2255 habeas corpus petition, contending that he had served the federal sentence in state prison. He appeals from the district court's dismissal of the § 2255 petition and denial of leave to proceed in forma pauperis on appeal, see Fed.R.App.P. 24(a).
 
 
 2
 Petitioner's argument is based on the erroneous assumption that his federal sentence began on the date of sentencing. On the contrary, a federal sentence begins on the date a prisoner is received at the federal penitentiary. 18 U.S.C. § 3568; United States v. Dovalina, 711 F.2d 737, 739 (5th Cir.1983); Bruss v. Harris, 479 F.2d 392, 393 (10th Cir.1973). Furthermore, federal authorities are not required to credit state prison time unless it is "jail time served in connection with the federal sentence." Bruss, 479 F.2d at 393 (applying 18 U.S.C. § 3568). In this case, it is clear that the federal and state offenses were unrelated. Petitioner in essence is challenging the sentencing arrangement between the state and federal government. This, he does not have standing to do.
 
 
 3
 [T]he federal government and a state are perfectly free to make any agreement between themselves concerning which of their sentences will be served first, as long as the prisoner is not compelled unnecessarily to serve his sentences in a piecemeal fashion. "A person who has violated the criminal statutes of both the Federal and State governments may not complain of the order in which he is tried or punished for such offenses."
 
 
 4
 Causey v. Civiletti, 621 F.2d 691, 694 (5th Cir.1980) (quoting Gunton v. Squier, 185 F.2d 470, 471 (9th Cir.1950)). See also Dovalina, 711 F.2d at 739.
 
 
 5
 Petitioner has failed to state a valid claim for relief under 28 U.S.C. § 2255. In the absence of "a rational argument on the law or the facts," petitioner's request to proceed in forma pauperis is DENIED, and the appeal is DISMISSED. See 28 U.S.C. § 1915(d); Coppedge v. United States, 369 U.S. 438, 448 (1962).
 
 
 6
 SO ORDERED.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause therefore is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3