959 F.2d 245
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ernest Zep ROBINSON, Petitioner-Appellant,
v.
Anthony A. BELASKI, Respondent-Appellee.
 No. 91-1399.
 United States Court of Appeals, Tenth Circuit.
 April 3, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.*
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 On February 11, 1983, Petitioner-appellant Ernest Zep Robinson was convicted in federal district court in Missouri for a firearms offense and sentenced to eighteen months incarceration. During his release on bond pending appeal, Petitioner was arrested, convicted, and incarcerated on unrelated Missouri state charges. His federal conviction was affirmed on appeal on December 5, 1983, while he was in the custody of Missouri state officials. Federal authorities then filed a detainer, which became effective when Petitioner was released from state custody on May 14, 1991. Now a resident of the Federal Correctional Institute in Littleton, Colorado, Petitioner seeks relief under 28 U.S.C. § 2241, contending that his eighteen month federal sentence ran concurrently with his Missouri state sentence. He appeals from the district court's dismissal.
 
 
 2
 A federal prison sentence begins on the date the prisoner is received at the federal penitentiary, and federal authorities are not required to credit state prison time unless it is served in connection with the federal offense. United States v. Dovalina, 711 F.2d 737, 739 (5th Cir.1983); Bruss v. Harris, 479 F.2d 392, 393 (10th Cir.1973). Petitioner's federal sentence began running when he was committed to federal custody in May 1991; he has not even alleged that the state and federal offenses were related; and he is without standing to challenge the sentencing arrangement between the federal government and the state of Missouri. See Gunton v. Squier, 185 F.2d 470, 471 (9th Cir.1950) ("A person who has violated the criminal statutes of both the Federal and State Governments may not complain of the order in which he is tried or punished for such offenses."). See also Causey v. Civiletti, 621 F.2d 691, 694 (5th Cir.1980) (quoting Gunton ).
 
 
 3
 Petitioner has failed to state a valid claim for relief. Therefore, the appeal is DISMISSED. See 28 U.S.C. § 1915(d); Coppedge v. United States, 369 U.S. 438, 448 (1962).
 
 
 4
 SO ORDERED.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause therefore is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3