**Randy BROWN, Petitioner–Appellant,**

v.

**W.A. PERRILL, Warden, and
U.S. Bureau of Prisons,
Respondents–Appellees.**

No. 93–1381.

United States Court of Appeals,
Tenth Circuit.

April 11, 1994.

Randy Brown, pro se.

James R. Allison, Interim U.S. Atty., and Elizabeth J. Ruffing, Sp. Asst. U.S. Atty., Denver, CO, for respondents-appellees.

Before LOGAN, SETH, and BARRETT, Circuit Judges.

SETH, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

The facts in this case are essentially undisputed. On March 9, 1983, Appellant was released from a California state prison to federal authorities on a writ of habeas corpus ad prosequendum. At the time of release, Appellant was serving a sentence on a state conviction for sale of heroin. Appellant remained in federal custody while awaiting trial on federal charges of Conspiracy to Distribute Heroin until October 5, 1984 when he was released on bail. During this period Appellant's state sentence expired on September 23, 1984. Appellant returned to federal custody on April 2, 1985 and was finally convicted on the conspiracy charge on June 4, 1985.

At sentencing on the federal conviction, Appellant was awarded jail time credit for all of the time spent in federal custody prior to sentencing. At some later date approximately 562 days of jail credit were retracted.

These days coincide with the period beginning on March 9, 1983 until September 23, 1984, the date upon which Appellant's state sentence terminated. Subsequently, Appellant exhausted his administrative remedies challenging the propriety of the jail credit reduction and filed the habeas corpus action underlying this appeal. The magistrate assigned to this matter recommended denial, and the district court agreed. This appeal followed.

■ We are mindful that because Appellant is proceeding *pro se* he is to be held to less stringent standards than professional attorneys, and we will liberally construe his pleadings. *See Meade v. Grubbs,* 841 F.2d 1512, 1526 (10th Cir.1988). After reading his brief, we find that the dispositive issue raised by Appellant is whether the district court relying on *Bruss v. Harris,* 479 F.2d 392 (10th Cir.1973), erroneously determined that he was not entitled to "double credit" pursuant to 18 U.S.C. § 3568.

In *Bruss* petitioner was arrested on state charges and then released to federal authorities pursuant to a writ of habeas corpus ad prosequendum. On July 2, 1971, petitioner pled guilty to federal charges, was sentenced to three years, and was immediately returned to state custody. Thereafter, he pled guilty to the state charges, was sentenced to two years to run concurrently with the federal sentence, and returned to federal prison on October 28, 1971. The issue in *Bruss* was whether the time spent in *state* custody between July 2 and October 28 should be credited to the petitioner's federal sentence. We held that because petitioner was credited by the state for the time in question, he was not entitled to "double credit" on his federal sentence. *Bruss,* 479 F.2d at 394. We further opined that the "jail time in question was not spent in connection with the offense or acts for which the federal sentence was imposed, and, consequently, he is not entitled to credit against the federal sentence." *Id.*

The situation presented in the case before us is different from *Bruss* in several crucial ways. First, during the time period from March 9, 1983 to September 23, 1984, Appellant was in *federal* custody, not in state custody as was the scenario in *Bruss.* Second,

the issue of whether the time spent in federal custody pursuant to the writ of habeas corpus ad prosequendum was not addressed in *Bruss;* rather, we were concerned in that case with the period of time petitioner was in custody *after* the writ of habeas corpus ad prosequendum was no longer in effect. We must conclude that *Bruss* is not dispositive of this case because the issues presented and the factual background are demonstratively dissimilar. Having made this determination, we now turn to the merits of Appellant's claim of error.

During the relevant time frame of this case, 18 U.S.C. § 3568 provided that a federal prisoner's sentence does not commence until "such person is received at the penitentiary, reformatory, or jail for service of such sentence." However, a prisoner's sentence must be credited with "any days spent in custody in connection with the offense or acts for which sentence was imposed." *Id.* Consequently, the questions pertinent to this case are whether Appellant was "in custody" of the federal government during the time in question, and if so, whether the time spent in custody was in connection with the offense which led to his federal sentence. We note in passing that the magistrate relied on the amended version of § 3568 which appears at 18 U.S.C. § 3585(b) and explicitly states that no time may be credited if the same time has been credited to another sentence. However, this amended version did not become effective until 1987, well after Appellant was sentenced to federal imprisonment. Consequently, our review is not concerned with the express Congressional mandate found in § 3585(b).

Unlike *Bruss* where there was a dispute over who had custody of petitioner because he was in a state prison, there is no dispute that Appellant was in a federal prison at the direction of federal authorities during the period of time at issue. We are convinced that this constitutes being "in custody" as contemplated by the statute. Next, we note that it is undisputed that the writ of habeas corpus ad prosequendum was issued to bring Appellant into federal custody for the purposes of prosecuting him on a federal charge of Conspiracy to Distribute Heroin. It was

this precise charge for which Appellant was convicted. Therefore, we also must find that Appellant's custody satisfies the "in connection with" requirement of § 3568 as he was held for an offense (conspiracy) for which he was ultimately convicted and sentenced. *See also United States v. Haney,* 711 F.2d 113 (8th Cir.1983); *Roche v. Sizer,* 675 F.2d 507 (2d Cir.1982). *But see Crawford v. Jackson,* 589 F.2d 693 (D.C.Cir.1978). The fact that the state continued to grant Appellant jail time credit does not impact on our analysis under the facts presented herein because Appellant clearly satisfied the requirements of § 3568.

Although we need not and do not reach Appellant's other issues on appeal, we recognize that he presented a viable claim of a due process violation. Although the record is not absolutely clear, there appears to be no doubt that the federal district court that sentenced Appellant granted to him the disputed 562 days of jail time credit. We can find no authority justifying the subsequent deduction of that time by the prison administration regardless of the procedural safeguards employed by the prison. The reduction of such jail time credit is not within the discretionary powers of the prison, but more properly lies with the sentencing court.

Accordingly, the district court's decision is REVERSED, and the case is REMANDED with directions that Appellant be credited on his federal sentence for the period of time commencing on March 9, 1983 (the date Appellant was removed to federal custody) and ending on September 23, 1984 (the date Appellant's state sentence expired while still in federal custody). For purposes of clarity, we note that Appellant is not entitled to additional credit for the time spent in federal custody from September 24, 1984 until October 5, 1984 and from April 2, 1985 to June 3, 1985 because he has already been credited on his federal sentence for these periods of time.