**UNITED STATES COURT OF APPEALS**

**Filed 8/6/96**

_____

RONNIE BRUCE EDMOND, Sr.,

    Petitioner-Appellant,

v.

J.W. BOOKER,

    Respondent-Appellee.

No. 96-1118
(D.C. No. 96-B-293)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRORBY, EBEL** and **HENRY**, Circuit Judges.
_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Federal prisoner Ronnie Bruce Edmond, Sr., brings this habeas corpus

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

petition *pro se* and *in forma pauperis* to appeal the district court's dismissal of his 28 U.S.C. § 2241 motion for a recomputation of the time he must serve under his sentence. We affirm.

Citing 18 U.S.C. § 3585(b), Mr. Edmond claims his federal sentence should have been reduced by the pretrial time he spent in custody in a county jail in Georgia. The district court dismissed his petition based on a Magistrate's recommendation. The magistrate judge found Mr. Edmond was not entitled to credit for the nine months and twenty days Mr. Edmond spent in custody because after he pled guilty to several state charges, the state court sentenced him to the time he had already served in the county jail. The magistrate judge found:

> The documents attached to the petition show that Petitioner received full credit for nine months and twenty days on his state sentence. The language of 18 U.S.C. § 3585(b) makes it clear that Petitioner is not entitled to receive simultaneous credit on both his state and federal sentences. Petitioner owed a debt to two sovereigns, and each had a right to exact its debts independently of each other.

We agree. On appeal, Mr. Edmond devotes a great deal of his argument to trying to establish that the initial reason for his detention in the Georgia prison was due to an outstanding federal warrant for his arrest rather than the state charges to which he later pled guilty. Mr. Edmond's reliance on this theory is misplaced. It does not matter why he was initially arrested under 18 U.S.C. § 3585(b) if he has

already been credited with the time he was held in detention.  Specifically, 18 U.S.C. § 3585(b) provides:

> (b)  Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> > (1)  as a result of the offense for which the sentence was imposed; or
>
> > (2)  as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

Mr. Edmond does not dispute the fact that the time period he claims should be deducted from his current sentence has already been fully credited against his sentence for his state convictions.  His argument that he was in constructive federal custody during this time period is without merit because that time period has already "been credited against another sentence." *Id.; see Bruss v. Harris*, 479 F.2d 392, 394 (10th Cir. 1973) (court rejected defendant's claim he was entitled to "double credit" for time held in state custody).

The district court's order dismissing Mr. Edmond's petition is **AFFIRMED**.

**Entered for the Court**


**WADE BRORBY**
United States Circuit Judge