**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 23 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DANIEL RAY KUEHNER,

Petitioner-Appellant,

v.

BOB GUZIK; FEDERAL BUREAU
OF PRISONS,

Respondents-Appellees.

No. 99-6181
(W. Dist. of Oklahoma)
(D.C. No. 98-CV-1188-T)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining Petitioner's brief and appellate the record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The court therefore orders the case submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Daniel Ray Kuehner, proceeding *pro se*, appeals the district court's dismissal of his 28 U.S.C. § 2241 habeas petition.[2] Additionally, although the district court denied Kuehner's motion to proceed in forma pauperis on appeal, Kuehner has renewed that request by filing a motion to proceed in forma pauperis with this court. Kuehner's motion to proceed informa pauperis is granted.

On October 6, 1995, shortly before he was scheduled to be released on probation from a Texas state prison, Kuehner was taken into custody by the United States Marshal's Service on a federal charge of conspiracy to commit wire fraud. Kuehner pleaded guilty to the federal charge and was sentenced by the United States District Court for the Eastern District of North Carolina to a term of twenty-seven months' imprisonment and, upon release from imprisonment, ordered placed on supervised release for a term of three years. Kuehner was in federal custody from October 6, 1995, through April 27, 1996, at which time he was released back to the state of Texas to finish his state-imposed sentence. On November 7, 1997, Kuehner was released from state custody back into the custody of the U.S. Marshals Service to begin serving his federal sentence.

---

[2]Although Kuehner has also filed a petition seeking a certificate of appealability ("COA") so he can appeal the district court's denial of his § 2241 habeas petition, a petitioner does not need to obtain a COA to appeal the denial of a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. *See McIntosh v. United States Parole Comm.*, 115 F.3d 809, 810 n.1 (10th Cir. 1997). Accordingly, Kuehner's motion for certificate of appealability is dismissed as moot.

Kuehner was released from incarceration on October 23, 1999 and is currently serving his term of supervised release.

Kuehner filed the instant § 2241 petition (the "habeas petition") with the United States District Court for the Western District of Oklahoma. In the habeas petition, Kuehner challenged the computation of his federal sentence, arguing that the time he spent in federal custody has not been credited toward his federal sentence. Additionally, he claimed that his guilty plea to the federal charge was not made knowingly and voluntarily because he was unaware at the time of his plea that his state and federal sentences would run consecutively and not concurrently.

The habeas petition was referred to a Unites States magistrate judge. The magistrate issued Findings and Recommendation recommending that Kuehner's habeas petition be dismissed. The Findings and Recommendation concluded that the time Kuehner had spent in federal custody had been credited toward his Texas state sentence and, therefore, could not also be credited toward his federal sentence. *See Bruss v. Harris*, 479 F.2d 392 (10th Cir. 1973). The Findings and Recommendation also concluded that any claims Kuehner has regarding the voluntariness of his plea agreement must be raised with the sentencing court in the Eastern District of North Carolina. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Kuehner filed a timely objection to the Findings and

Recommendation, which the district court cusidered. The district court, however, adopted the Findings and Recommendation and dismissed Kuehner's habeas petition. Kuehner's claim challenging the voluntariness of his guilty plea, however, was dismissed without prejudice to its refiling in the Eastern District of North Carolina. Kuehner appealed.

In light of an indication in the record that Kuehner had served his term of imprisonment and was no longer incarcerated, this court issued an order to show cause why the appeal should not be dismissed on the ground of mootness. In his response to the order to show cause, Kuehner concedes that he was released from incarceration on October 23, 1999 but claims that his three-year term of supervised release is part of his "federal sentence." After reviewing the record and the relevant statute, this court concludes that Kuehner's appeal from the district court's ruling that the term of his federal imprisonment was correctly calculated must be dismissed as moot.

Kuehner was released from federal custody on October 23, 1999. Although Kuehner is currently serving a term of supervised release, he has failed to demonstrate to this court how a reduction in the length of his federal term of imprisonment could shorten the term of his supervised release. A term of supervised release may be imposed by a sentencing court *in addition to* a term of imprisonment. *See* 18 U.S.C. § 3583. The length of a term of supervised

released is linked to the crime of which the defendant has been convicted, not to the length of the term of imprisonment received by the defendant. *Id*. at § 3583(b). Kuehner's term of incarceration has ended. His appeal is moot unless he is able to establish that a favorable decision from this court would shorten the length of his supervised release. *See Aragon v. Shanks*, 114 F.3d 690, 692 (10th Cir. 1998). Kuehner has failed to present any support for his position.

Kuehner also claims that he was sentenced under the wrong version of the United States Sentencing Guidelines and that his guilty plea to the federal charge was not made knowingly and voluntarily. The district court correctly dismissed these claims. Claims as those raised by Kuehner which challenge the validity of a sentence must be raised in the court that imposed the sentence, in this case the District Court for the Eastern District of North Carolina. *See Bradshaw*, 86 F.3d at 166. Upon de novo review of Kuehner's appellate brief, the magistrate judge's Report and Recommendation, the district court's Order and the entire record on appeal, this court **affirms** the dismissal of Kuehner's claims relating to the validity of his sentence for substantially the reasons set forth in the district

court's Order dated April 21, 1999. The claims raised by Kuehner challenging the calculation of his federal term of imprisonment are **dismissed** as moot.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge