**Michael VIGNERA, Petitioner-Appellant,**

v.

**ATTORNEY GENERAL OF the UNITED STATES, Respondent-Appellee.**

**No. 71–2412**

**Summary Calendar.**\*

United States Court of Appeals,
Fifth Circuit.

Feb. 3, 1972.

Lucian L. Sneed, Atlanta, Ga., for petitioner-appellant.

John W. Stokes, Jr., U. S. Atty., Richard H. Still, Asst. U. S. Atty., Atlanta, Ga., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit Judges.

PER CURIAM:

Michael Vignera, the appellant, has sought credit on his federal sentence for time spent in a federal detention center under writs of habeas corpus ad prosequendum. The district court denied relief on the ground that during this time Vignera was serving a New

---

\* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

York state sentence. We agree with the district court that 18 U.S.C. § 3568, providing credit for jail time served "in connection with the [federal] offense," does not require granting of credit where the prisoner has already received full credit for that time on his state sentence which was served prior to the federal sentence. Howard v. United States, 420 F.2d 478 (5th Cir. 1970); Radcliffe v. Clark, 451 F.2d 250 (5th Cir. 1971). Revocation of appellant's state parole because of his federal arrest and conviction does not render § 3568 applicable. Chaplin v. United States, 451 F.2d 179 (5th Cir. 1971).

Affirmed.