**Willie J. DOBINE, Petitioner-Appellant,**

v.

**UNITED STATES ATTORNEY GENERAL, et al., Respondents-Appellees.**

**No. 71–3511.**

United States Court of Appeals, Fifth Circuit.

March 17, 1972.

Willie J. Dobine, pro se.

John W. Stokes, Jr., U. S. Atty., William P. Gaffney, Asst. U. S. Atty., Atlanta, Ga., for respondents-appellees.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

In this appeal from the denial of his petition for mandamus, Dobine challenges the conclusion of the district court that he was not entitled to certain credit on his federal sentence for the

time spent in state custody. Finding no error, we affirm the judgment below.[1]

On January 19, 1962, Dobine was sentenced in the United States District Court for the Eastern District of Michigan to serve six concurrent ten-year sentences. Upon the recommendation of the district judge, the Attorney General designated Michigan State Prison at Jackson, Michigan as the place for service of his federal sentence, thereby making his federal sentence run concurrently with the previously imposed twenty-one-year state sentence he was then serving at Jackson.

Appellant Dobine was granted parole on his state sentence on April 3, 1967. He was then taken into federal custody for completion of his ten-year federal sentence, on which he was mandatorily released on August 30, 1968, with 1,234 days remaining.

The appellant was subsequently arrested and convicted in the State of Michigan for using a credit card without the owner's consent, and received a sentence of two and one-half years on October 14, 1969. While serving this sentence at the Michigan State Prison, his state parole was revoked and made to run concurrently with the two and one-half-year sentence.

Thereafter, the United States Board of Parole lodged a detainer against the appellant on the basis of the November 6, 1969 issuance of a mandatory release violator's warrant. The warrant was executed on January 4, 1971, upon the appellant's release from state prison. He was then returned to the United States Penitentiary at Atlanta, Georgia, where his mandatory release was revoked after a hearing on February 16, 1971. Appellant Dobine is presently confined at Atlanta serving the unexpired 1,234 days remaining on his 1962 federal sentence.

The gravamen of Dobine's complaint is that because the Attorney General originally allowed his state and federal sentences to run concurrently, the time spent in custody for both the state and federal parole violations should also be computed on a concurrent basis. Thus, he concludes, the Attorney General and the Bureau of Prisons should credit him with the 443 days he was incarcerated at the Michigan State Prison from October 14, 1969 until January 4, 1971.

The Eighth Circuit Court of Appeals was faced with the identical issue in the case of Hash v. Henderson, 8th Cir. 1967, 385 F.2d 475. In that case, as here, the Attorney General had allowed Hash's federal sentence to run concurrently with a state sentence. Subsequent to his parole by both federal and state authorities, he was returned to state custody as a parole violator. A federal parole violator's warrant was issued and executed upon his release from state custody. The Court held that Hash's reconfinement in the state penitentiary did not amount to his being returned to federal custody because under the terms of 18 U.S.C. § 4205, such custody can only be obtained by the execution of the violator warrant.

The Eighth Circuit held that:

"The fact that the Attorney General chose initially to accept the court's recommendation did not commit him to allow the prisoner, whatsoever the circumstances, to serve the full sentence concurrently. [citations omitted] Nor can it be inferred that he consented to the unexpired portion of the federal sentence being served concurrently with the state sentence by his failure to revoke his original designation. He was not obliged to designate where the prisoner should be confined for the balance of his federal sentence until he reacquired custody

---

1. It is appropriate to dispose of this pro se case summarily, pursuant to this Court's local Rule 9(c) (2), appellant having failed to file a brief within the time fixed by Rule 31, Federal Rules of Appellate Procedure. Kimbrough v. Beto, Director, 5th Cir. 1969, 412 F.2d 981.

of him and a redesignation became necessary. [citation omitted]" Hash v. Henderson, supra, 385 F.2d at 478.

We are in full agreement with the conclusion reached by the Eighth Circuit, and adopt their position in this case. See also Hardy v. United States Board of Parole, 9th Cir. 1971, 443 F.2d 402.

Accordingly, the judgment of the district court is affirmed.

Affirmed.