**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Kenneth Wayne EIDUM, Defendant-Appellant.**

**No. 72–1816.**

United States Court of Appeals, Ninth Circuit.

Feb. 6, 1973.

Kenneth Wayne Eidum, in pro. per.

Stan Pitkin, U. S. Atty., Douglas D. McBroom, Asst. U. S. Atty., Seattle, Wash., for plaintiff-appellee.

Before BROWNING and GOODWIN, Circuit Judges, and CONTI,* District Judge.

CONTI, District Judge:

Kenneth Wayne Eidum pleaded guilty in December of 1970 in the Western District of Washington to an indictment for violation of 18 U.S.C. § 2312 (interstate transportation of a stolen motor vehicle). He was sentenced to three years imprisonment on January 22, 1971. He appeals to this court from a district court denial of his motion to vacate that sentence under 28 U.S.C. § 2255.

Petitioner alleges several grounds for reversal:

(1) *Denial of right to speedy trial.*

Appellant argues that the right to speedy trial attached when he was "accused by the Federal Bureau of Investigation agents at Omaha, Nebraska, on or about August 10, 1969". (Page 3 of appellant's opening brief.) Appellant's 28 U.S.C. § 2255 petition reveals that he was arrested on a state charge in Nebraska and was then questioned by F.B.I. agents about a federal charge. He was not indicted until September 30, 1970, pleaded guilty in December, 1970, and

was sentenced on January 22, 1971. He argues that the failure to prosecute from August 10, 1969, until his indictment on September 30, 1970, constituted a denial of his right to a speedy trial. He alleges prejudice in that he was thus denied the opportunity of a concurrent sentence.

Petitioner's argument on this issue must fail, however, because he has not shown that such delay occurred after he became an "accused" within the meaning of United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). That case held that the protection of the Sixth Amendment's provision for a speedy trial is activated only when a criminal prosecution has begun and extends only to those persons who have been "accused" in the course of that prosecution. The court further stated that no conviction has been reversed on such constitutional grounds where only preindictment delay is involved.

█ In this case the record only shows that petitioner was "questioned by the F.B.I." relative to this charge. Such questioning does not constitute initiation of prosecution so as to bring the right to speedy trial into play. The requirements of the *Marion* case have not been met, and appellant's argument must be rejected as to this claim. The District Court's order is affirmed as to this issue.

(2) 18 U.S.C. § 3568 *requires that the time spent in state custody be credited against appellant's federal sentence.*

█ The above section gives credit for any time spent in custody "in connection with" the offense for which sentence was imposed. Petitioner argues that the case of Davis v. Attorney General, 425 F.2d 238 (5th Cir. 1970), granted such relief in a situation similar to this case. However, in the *Davis* case the prisoner was denied bail on a state charge because a federal detainer was lodged against him. That detainer was issued upon the authority of the prisoner's federal conviction and sentence. In

---

* Honorable Samuel Conti, United States District Judge, Northern District of California, sitting by designation.

the instant case, however, no federal process of any sort had issued against appellant until November, 1970, when his release was prevented by a federal detainer. Thus, no active involvement of the federal government was present which had an effect on appellant's state custody until November, 1970. He pleaded guilty to the federal charge approximately a month later. Only this period of time after the federal detainer had issued should be credited, under 18 U.S.C. § 3568, against petitioner's sentence on state charges.

Except for this period of time, the district court's order is affirmed as to this issue.

(3) *Petitioner argues that his guilty plea was not voluntary and that his counsel was inadequate.*

 The record does not adequately show that petitioner's plea was knowing and voluntary, nor does it reveal sufficient facts as to his claims of inadequate counsel.

Therefore, this matter is reversed and remanded for an evidentiary hearing as to these issues.