Joseph W. SAVAGE, Petitioner-Appellant,

v.

J. D. HENDERSON, Warden, United States Penitentiary, Atlanta, Ga., Respondent-Appellee.

No. 73-1092.

United States Court of Appeals, Fifth Circuit.

March 14, 1973.

Joseph W. Savage, pro se.

John W. Stokes, U. S. Atty., Anthony M. Arnold, Asst. U. S. Atty., Atlanta, Ga., for respondent-appellee.

Before THORNBERRY, GOLDBERG and RONEY, Circuit Judges.

PER CURIAM:

This appeal is taken from an order of the district court dismissing the mandamus petition of a federal prisoner seeking credit under 18 U.S.C. § 3568 on his federal sentence for time spent in state custody. The government has moved to remand the case for findings, admitting that appellant has alleged facts which, if true, would entitle him to relief. We grant the motion and remand the case.

While on mandatory release from a ten-year federal sentence for unlawful sale of heroin imposed on November 20, 1959, the appellant was charged with robbery by Michigan state authorities. While in state custody awaiting trial on the state charge, the United States Board of Parole filed a detainer against him on December 20, 1967. Appellant plead guilty to the state charge on March 26, 1968, and on April 26, 1968, he was sentenced to a ten-to-fifteen year term of imprisonment. On August 2, 1972, appellant was paroled to federal authorities on the detainer warrant.

 

In his petition filed below, appellant alleged that he is entitled to credit on his federal sentence for the time spent in state custody from the date the federal detainer was filed against him until his release from his state sentence. Appellant contended that throughout this period he was in custody "in connection with" the 1959 federal sentence "by virtue of the Federal Parole Board detainer warrant." He alleged that while in state custody awaiting trial he was prepared to make bond, but the federal detainer prevented him from doing so.

It is frivolous to suggest that appellant is entitled to credit for that period of time when he was serving his state sentence. As the district court stated, "the mere act of filing a detainer did not convert the state custody for robbery into federal custody in connection with the unlawful sale of heroin." As to time served in state custody and credited on the state sentence, the judgment of the district court is affirmed.

Appellant would, however, be entitled to credit for any time he spent in state custody, unable to make bond solely because of the federal detainer warrant. Taylor v. United States, 5th Cir. 1972, 456 F.2d 1101; Ballard v. Blackwell, 5th Cir. 1971, 449 F.2d 868; Davis v. Attorney General, 5th Cir. 1970, 425 F.2d 238. We therefore vacate the judgment below and remand to the district court for further inquiry and findings on the question of whether appellant's confinement while awaiting trial is attributable to the federal detainer. O'Connor v. Attorney General, 5th Cir. 1972, 470 F.2d 732; Taylor v. United States *supra;* Ballard v. Blackwell, *supra.* Should the district court determine that appellant had been given credit on his state sentence for the time in jail awaiting trial, appellant will not be entitled to credit for that time on his federal sentence. Vig-

nera v. Attorney General, 5th Cir. 1972, 455 F.2d 637; Radcliffe v. Clark, 5th Cir. 1971, 451 F.2d 250.

Vacated and remanded.