George Wise **DUVAL**

v.

**UNITED STATES of America.**

**Civ. A. No. 74–936.**

United States District Court,
E. D. Pennsylvania.

Nov. 11, 1974.

George Wise Duval, pro se.

Robert E. J. Curran, U. S. Atty., Robert S. Forster, Jr., Asst. U. S. Atty., Philadelphia, Pa., for respondent.

HIGGINBOTHAM, District Judge.

## MEMORANDUM OPINION AND ORDER

### Introduction

Petitioner, George Wise Duval, moves this Court pursuant to 28 U.S.C. § 2255 (1970) to vacate his sentence or, in the alternative, to grant him full credit against his federal sentence for time spent in state custody prior to his transfer to federal custody.[1] For reasons that will hereinafter appear, I have concluded that petitioner is not entitled to relief and that both his § 2255 motion to vacate sentence and his additional claim for relief, construed as a petition for a writ of habeas corpus, must be denied.

### History of the Case

On July 14, 1969, officers of the Philadelphia Police Department apprehended petitioner and three other men under suspicious circumstances in a theater adjacent to a federally insured savings and loan institution. All four men were turned over to federal authorities that same day. Subsequently, while free on bail, petitioner was convicted of a weapons offense in New Jersey and incarcerated on August 1, 1969, at Trenton State Prison.

On November 9, 1970, petitioner pleaded guilty to the federal offense. On February 10, 1971, this Court imposed a sentence of five years imprisonment on petitioner under 18 U.S.C. § 4208(a) (2) (1970). At sentencing, the Court remarked that:

> "I have no objection to this sentence being concurrent at the discretion of the Bureau of Prisons with his present sentence which he is now serving." (N.T. at 7.)

On August 26, 1971, New Jersey officials released petitioner to the custody of the United States. Petitioner's federal sentence will expire on August 25, 1976.

Petitioner instituted this action pursuant to 28 U.S.C. § 2255 (1970) on April 10, 1974. Because of administrative error in the Clerk's Office, petitioner's file was not called to the attention of either a United States Magistrate or this Court until August 7, 1974, when a copy of a petition to the Court of Appeals for a writ of mandamus was filed in the District Court. On August 14, 1974, I entered an Order granting petitioner leave to proceed *in forma pauperis* and directing the United States Attorney to answer petitioner's motion by August 30, 1974.

On August 27, 1974, the Court of Appeals for the Third Circuit denied Duval's petition for a writ of mandamus. The United States Attorney subsequently filed an answer to petitioner's motion, and petitioner responded by way of traverse. Petitioner has advised this Court that he has complied with the commands of Soyka v. Alldredge, *supra,* and exhausted his administrative remedies. The matter is therefore ripe for adjudication by this Court.

---

1. Petitioner's alternative claim for relief, because it involves the computation of time served on his sentence, should have been brought pursuant to 28 U.S.C. § 2241 (1970), the statute authorizing general habeas corpus relief, rather than § 2255. Soyka v. Alldredge, 481 F.2d 303, 304–305 (3d Cir. 1973). However, because petitioner is proceeding *pro se* and *in forma pauperis*, it would be inequitable to hold him to "the niceties of lawyers' pleadings." Sanders v. United States, 373 U.S. 1, 22, 83 S.Ct. 1068, 1080, 10 L.Ed.2d 148 (1963). I shall, accordingly, treat his alternative claim for relief as a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (1970).

### The Validity of Petitioner's Sentence

■ Petitioner argues first that his sentence is "conditional" and therefore unconstitutional. As support for his contention, he relies on United States v. Sams, 340 F.2d 1014 (3d Cir.), cert. denied, 380 U.S. 974, 85 S.Ct. 1336, 14 L.Ed.2d 270 (1965). His reliance, however, is misplaced. The sentence found defective in Sams, supra, is clearly distinguishable from the sentence imposed on petitioner. In Sams, supra, the sentencing court made the suspension of a term of imprisonment conditional upon the payment of certain fines and further neglected to provide for probation if defendant's term of imprisonment was in fact suspended. Neither of these conditions is present in petitioner's case. At sentencing, I merely stated for the record that I did not object if the Bureau of Prisons, in its discretion, allowed petitioner to serve his federal sentence concurrently with the state sentence he was then serving. The sentence was "conditional," in one sense of that word, but in the same way that every federal sentence is "conditional" where the defendant who is sentenced is serving a state sentence at the time federal sentence is imposed.

The "condition" stems not from the sentence that this Court imposed, but from the discretionary power of the Attorney General of the United States to make the state and federal sentences run concurrently. That power is vested in him, because he "shall designate the place of confinement where the sentence shall be served." 18 U.S.C. § 4082(a) (1970). This Court had no power to order that the federal and state sentences run concurrently. United States v. Myers, 451 F.2d 402 (9th Cir. 1972); Hash v. Henderson, 262 F.Supp. 1016 (E.D.Ark.), aff'd, 385 F.2d 475 (8th Cir. 1967). At most, I might have recommended this course of action to the Attorney General, but he would not have been obliged to follow the recommendation, even if I had made it. United States v. Myers, supra; Hash v. Henderson, supra. If I had made such a recommendation, it would have been mere "surplusage." Hash v. Henderson, supra, 385 F.2d at 477. The statement I did make, which fell far short of a positive recommendation, was also "surplusage." It did not render the sentence I imposed "conditional" within the scope of United States v. Sams, supra, and therefore vulnerable to collateral attack under 28 U.S.C. § 2255 (1970). Contrary to petitioner's contention, my remarks did not constitute an improper delegation of judicial authority, for "the giving of credit is an administrative, not a judicial, responsibility." Soyka v. Alldredge, 481 F.2d 303, 305 (3d Cir. 1973). The validity of petitioner's sentence was in no way affected by those remarks.

### The Question of Credit for Time Served

■ Relying on United States v. Eidum, 474 F.2d 579 (9th Cir. 1973), petitioner further argues that all of the time he spent in state custody should be credited against his federal sentence. Like the Sams case, however, United States v. Eidum, supra, is clearly distinguishable from the instant case. In Eidum, the filing of a federal detainer prevented the prisoner's release from state custody. Because the active involvement of the federal government had an effect on the time the prisoner spent in state custody, the Court held that the period of time after the issuance of the federal detainer should be credited against his federal sentence. Here, the active involvement of the federal government did not produce such an effect. Petitioner's incarceration in a state prison stemmed from a state charge wholly unrelated to the federal charge pending against him. The incarceration would have continued in any event, whether he faced separate federal charges or not. Petitioner was not in fact released from state custody until August 26, 1971, some six and one-half months after federal sentence was imposed. Since his state and federal sentences were not required to run concurrently, United States v. Myers, supra,

and did not so run, his federal sentence did not begin until he was handed over to federal authorities at the conclusion of his state sentence. 18 U.S.C. § 3568; Verdejo v. Willingham, 198 F.Supp. 748 (M.D.Pa.), aff'd per curiam, 295 F.2d 506 (3d Cir. 1961); *accord*, Amirr v. United States, 301 F.2d 662 (3d Cir. 1962).

 Moreover, petitioner misconstrues the *Eidum* court's interpretation of 18 U.S.C. § 3568 (1970). That statute provides in relevant part that "[t]he Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed." In *Eidum, supra*, once the federal detainer was issued, the prisoner's time in state custody was extended "in connection with the offense or acts for which sentence was imposed." Here, there was no such extension, because petitioner's state custody was not "in connection with the offense or acts for which sentence was imposed." , The triggering device for credit against a prisoner's federal sentence is not merely the involvement of the federal government, but rather involvement of the federal government that has an effect on the time a prisoner spends in state custody. See Bruss v. Harris, 479 F.2d 392, 394 (10th Cir. 1973); Savage v. Henderson, 475 F.2d 78, 79 (5th Cir. 1973); Boyd v. United States, 448 F.2d 477, 479 (5th Cir. 1971), cert. denied, 405 U.S. 992, 92 S.Ct. 1264, 31 L.Ed.2d 460 (1972). Petitioner is not entitled to credit against his federal sentence for time spent in state custody on unrelated state charges.

### Conclusion

The facts of this case are not in dispute. Consequently, an evidentiary hearing is not called for. Petitioner's legal arguments are without merit. His motion under § 2255 and his alternative claim for relief, construed as a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (1970), must therefore be denied.

There is no probable cause for appeal.

The foregoing shall constitute this Court's findings of fact and conclusions of law as required by Rule 52(a) of the Federal Rules of Civil Procedure.