Michael DEVENY, Petitioner-Appellant,

v.

UNITED STATES BOARD OF PAROLE, Respondent-Appellee.

No. 76–4131

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 4, 1978.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Michael Deveny, pro se.

John D. Stokes, U. S. Atty., Sherman D. Johnson, Asst. U. S. Atty., Atlanta, Ga., for respondent-appellee.

Before BROWN, Chief Judge, RONEY and HILL, Circuit Judges.

PER CURIAM:

Deveny seeks dismissal of a detainer filed by the United States Parole Board with the Georgia Department of Corrections. He contends that he has completed serving the 20–year sentence imposed upon him by the United States District Court for the Western District of Missouri in 1957. Although originally filed as a habeas corpus action under 28 U.S.C. § 2255, the District Court found that Deveny was not contesting the legality of his sentence, but the method of computing its length, and treated the petition as one for mandamus. Finding that in any case the petition failed to state a claim for relief, the District Court dismissed the action. We agree and affirm.

Denvey is presently a Georgia state prisoner. In May 1975, the U.S. Parole Board filed a detainer against him with the Georgia authorities in the form of a parole violator's warrant. Deveny claims that he has served his full federal sentence by virtue of a court order making the federal sentence run concurrently with an earlier state sentence. He asked for an immediate hearing on his status as a parole violator and raised the additional claim that he did not know he was on federal parole, and therefore could not be a parole violator. He states that he was transferred from a minimum security prison to a maximum security prison upon receipt of the detainer by the Georgia officials.

The confusion arises from Deveny's history of committing a crime, being convicted, escaping or being paroled and then repeating the cycle. On June 14, 1957, he was sentenced by a Texas state court to 25 years for robbery by assault. Two weeks later he escaped. On August 16, 1957 he was sentenced to 20 years in federal prison after pleading guilty to bank robbery. Although imposed later in time, Deveny began serving his federal sentence first. Subsequent-

ly, detainers were placed against him by the Texas state officials and by California authorities for his escape from a state prison camp. In 1963, the U.S. Attorney General through the Bureau of Prisons suggested that the remainder of the federal sentence be served concurrently with the Texas state sentence. Such an order was issued and about one month later Deveny was transferred to the Texas Department of Corrections. In July 1969, he was paroled back to federal custody to complete his federal sentence. He was mandatorily released on October 12, 1970, with 2,551 days left to serve if he violated his parole.

Deveny did violate parole and a parole violator's warrant was issued which was executed on April 6, 1971. He was returned to federal custody where he remained until September 10, 1973. Texas had also placed a detainer on Deveny for parole violation, and on September 10, he was paroled to the Texas Department of Corrections to continue serving his 25–year state sentence. At that time Deveny had 1,537 days left to serve under the original federal sentence.

On December 4, 1974, he was released by the Texas officials without the knowledge of the U.S. Parole Board or Probation Office. Eight days later, he was arrested and on January 17, 1975 was convicted of robbery in Georgia state court. He was sentenced to the 5–year state term which he is presently serving. On May 14, 1975, the U.S. Parole Board issued the detainer warrant which is the subject of this action.

Deveny's contention that the computation of time left on the federal sentence should be reduced by the Texas time served from September 10, 1973 to December 4, 1974 is not well founded. He is not entitled to be credited with time spent in a state institution after revocation of state parole in computing time remaining on an unexpired federal sentence.

The fact that the Attorney General chose initially to accept the court's recommendation did not commit him to allow the prisoner, whatsoever the circumstances, to serve the full sentence concurrently. (cites omitted.) *Nor can it be inferred that he consented to the unexpired portion of the federal sentence being served concurrently with the state sentence by his failure to revoke his original designation.* He was not obliged to designate where the prisoner should be confined for the balance of his federal sentence until . . . a redesignation became necessary. (cite omitted, emphasis ours.)

*Hash v. Henderson,* 8 Cir., 1967, 385 F.2d 475, 478. The Court in *Hash* noted that for the time served under the state confinement after return to state custody for parole violation to count under the original federal sentence (which was initially concurrent) two actions would have been required.

1) a revocation of Hash's federal parole and 2) a redesignation of the Arkansas state penitentiary as the prison in which the remainder of the original sentence could be served.

385 F.2d at 477. Neither was present in *Hash.* Neither is present here.

In *Dobine v. United States Attorney General,* 5 Cir., 1972, 456 F.2d 1256, the Fifth Circuit adopted the *Hash* reasoning. There we ruled that although the Attorney General may have originally allowed a prisoner's state and federal sentences to run concurrently while he was in a state institution, the prisoner was not entitled to be credited with the time he spent in the state prison after revocation of his state parole in computing the time remaining on his unexpired federal sentence.

Clearly *Hash* and *Dobine* govern Deveny's appeal on the length of federal sentence remaining to be served.

■ The issues of a right to a hearing and lack of notice are equally without merit. In *Moody v. Daggett,* 1976, 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236, the Supreme Court granted certiorari to decide whether a federal parolee imprisoned for a crime

committed while on parole is constitutionally entitled to a prompt parole revocation hearing when a parole violator warrant is issued and lodged with the institution of his confinement but not served on him. The Court was cognizant of the split among the federal circuits on this question. Three of the circuits had held that a hearing was required. The Fifth Circuit, as well as most other circuits, had decided that no due process requirements attach at this time and the authorities may defer execution of the warrant until the expiration of confinement under the sentence for another crime. *Cook v. United States Attorney General*, 5 Cir., 1974, 488 F.2d 667.

The Supreme Court ruled that there is no requirement for a hearing before the parolee is taken into custody as a parole violator. As in the present case, a parole violator warrant had been issued against the prisoner but had not been executed. The Supreme Court realized that the issuance of the warrant was not a determination that the parole would be revoked; the time for that decision had not yet arrived. The loss of liberty as a parole violator does not occur until the parolee is taken into custody under the warrant.

Deveny's situation makes *Moody* particularly applicable since:

> "[i]n the present case, where petitioner has already been convicted of and incarcerated on a subsequent offense, there is no need for the preliminary hearing which *Morrissey* [408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484] requires upon arrest for a parole violation . . . because the subsequent conviction obviously gives the parole authority "probable cause or reasonable ground to believe that the . . . parolee has committed acts that would constitute a violation of parole

conditions," (cite omitted) and because issuance of the warrant does not immediately deprive the parolee of liberty."

97 S.Ct. at 278, n. 7.

We suspect that the real gravamen of Deveny's complaint is that he was transferred to a maximum security prison as a result of the warrant being issued.[1] *Moody* has resolved this matter as well.

Petitioner also argues that the pending warrant and detainer adversely affect his prison classification and qualification for institutional programs. We have rejected the notion that every state action carrying adverse consequences for prison inmates automatically activates a due process right. In *Meachum v. Fano*, 427 U.S. 215, [96 S.Ct. 2532, 49 L.Ed.2d 451] for example, no due process protections were required upon the discretionary transfer of state prisoners to a substantially less agreeable prison, even where that transfer visited a 'grievous loss' upon the inmate. The same is true of prisoner classification and eligibility for rehabilitative programs in the federal system. Congress has given federal prison officials full discretion to control these conditions of confinement, 18 U.S.C. § 4081, and petitioner has no legitimate statutory or constitutional entitlement sufficient to invoke due process.

97 S.Ct. at 279, n. 9.

AFFIRMED.

---

1. We would be inclined to give more serious consideration to the allegation that Deveny could not be guilty of a parole violation since he had no knowledge that he was still on federal parole if this were a case of violating some procedural rule of parole. It has no merit where 44 days after release by the Texas prison authorities he was convicted of robbery in Georgia. Punishable criminal conduct would support a parole violator's warrant even if the violator had not had direct personal knowledge of his parolee status. See *Tiitsman v. Black*, 6 Cir., 1976, 536 F.2d 678.