**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 00-50504

(Summary Calendar)

_____

RICARDO HECTOR DOMINGUEZ,

Petitioner - Appellant,

versus

TROY WILLIAMSON, Warden

Respondent - Appellee.

_____

Appeal from the United States District Court
For the Western District of Texas, El Paso
EP-99-CV-290-DB

_____

March 1, 2001

Before EMILIO M. GARZA, STEWART and PARKER, Circuit Judges.

PER CURIAM:[*]

Ricardo Hector Dominguez ("Dominguez"), an inmate at a federal corrections facility, appeals

the district court's denial of his 28 U.S.C. § 2241 habeas corpus petition challenging his federal

_____

[*] Pursuant to Fifth Circuit Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

sentence. He maintains that he should receive credit towards his federal sentence for time spent in state custody. We affirm.

This case arises from a series of state and federal offenses committed by Dominguez over the course of several years. On June 9, 1989, Dominguez pled guilty in Texas state court to the felony offenses of Burglary of a Habitation and Burglary. He received probation for nine years for those crimes. On February 14, 1991, a state court found him guilty of violating the terms of his probation, and sentenced him to a nine-year term in state prison. About five weeks later, he was released on parole.

Then on April 28, 1994, federal law enforcement officials arrested Dominguez for the federal offense of Felon in Possession of a Firearm. The next day, he was released on bond. On November 15 of that same year, state authorities arrested him for the state offenses of Possession of Marijuana and violation of parole terms. The record reflects that the Possession of Marijuana offense occurred on April 28, 1994 and stemmed from the same events underlying the federal Felon in Possession offense. On November 17th, state authorities revoked his parole, and he began serving the remainder of his nine-year sentence for the burglary convictions. While Dominguez served his sentence for parole violation, a Texas state court on February 23, 1995 gave him a concurrent seven-year sentence for the Possession of Marijuana offense.

On June 11, 1996, the United States Marshal Service took custody of Dominguez pursuant to a writ of habeas corpus ad prosequendum to try him for the federal offense of Felon in Possession of a Firearm. After he pled guilty to the charge, the federal district court sentenced him to a seven-year term of imprisonment at a United States Bureau of Prisons ("BOP") facility on April 18, 1997. The court ordered that this federal sentence be served concurrently with Dominguez's state prison

sentences.

Dominguez filed an administrative complaint to re-calculate his sentence. The BOP held that he would not receive credit for the time spent in state custody between November 17, 1994 (the start of his state parole violation sentence) and February 22, 1995 (the start of his state Possession of Marijuana offense), because that time was served and credited towards his state parole violation sentence. The BOP, however, said that Dominguez should receive two days' worth of credit towards his federal sentence for the time spent in state custody from November 15, 1994 (when he was arrested by state officials) to November 17, 1994 (when he began his state parole violation sentence), because this time had not been previously credited towards any state or federal sentence.

After exhausting his administrative remedies, Dominguez filed a *pro se* petition for habeas relief under 28 U.S.C. § 2241, challenging the BOP's computation of his sentence on various grounds. The district court granted summary judgment in favor of the respondent, and denied Dominguez's habeas petition. He now appeals. His appeal does not directly address the district court's grant of summary judgment, but his argument can be boiled down to two key points: he claims that the BOP erred in not giving him federal sentence credit for the entire time he served in state custody prior to his federal conviction, and for the time he was on loan to the federal government pursuant to a writ of habeas corpus ad prosequendum.[1]

We review the district court's grant of summary judgment *de novo*. *See Nowlin v. Resolution Trust Corp.*, 33 F.3d 498 (5th Cir. 1994).

---

[1] Dominguez also challenges the imposition of the sentence itself. The claim of an illegal sentence, however, cannot be considered under § 2241; it must be presented in a § 2255 petition. *See Cox v. Warden*, 911 F.3d 1111(5th Cir. 1990) (holding that alleged errors occurring at or prior to sentencing should be presented in a § 2255 petition). He has already filed two § 2255 petitions, both of which were denied.

First, we reject Dominguez's argument that he is entitled to credit towards his federal sentence for the time served in state custody prior to his federal conviction. He maintains that he should receive credit for the entire period between the date of his state arrest and the commencement of his federal sentencing (November 15, 1994 to April 18, 1997). We disagree. Generally, a federal prisoner is entitled to receive credit for any time he has served in custody prior to his federal sentence, as long as that time has not been previously credited towards any other sentence. *See* 18 U.S.C. § 3585(b).[2] As mentioned previously, Dominguez properly received two days' credit towards his federal sentence—for the time spent in state custody between the date of his state arrest and the start of his state parole violation sentence—because he had not received any prior state or federal credit for that two-day period of November 15th to 17th.

From November 17, 1994 to April 18, 1997, he was serving two concurrent state sentences for his state parole violation and Possession of Marijuana offense. He cannot receive credit for that time period towards his federal sentence because that time has already been credited towards his two concurrent state sentences. Such "double credits" are not allowed. *See Willis v. United States*, 438 F.3d 923 (5th Cir. 1971) (holding that a prisoner is not entitled to receive federal credit because time spent in custody was previously credited to his state sentence). Dominguez counters that *Willis*' prohibition against double credits is not dispositive because the state sentence in that case was unrelated to the federal charges. Dominguez notes that both the state sentence for the Possession of

---

[2]     (b) Credit for prior custody. A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences:
        (1) as a result of the offense for which the sentence was imposed; or
        (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
        that has not been credited against another sentence.

Marijuana and the federal sentence for Felon in Possession of Firearm stemmed from the same event that occurred on April 28, 1994. While those two offenses are indeed related, Dominguez's state parole violation (based on the burglary convictions) is completely unrelated to the federal offense. Thus, *Willis* bars Dominguez from receiving federal credit for the time already credited towards his unrelated state parole violation.

It remains true that a prisoner technically receives "double credit" for both their federal and state sentences if the sentences are ordered to run concurrently. But a prisoner cannot *retroactively* receive federal credit for time previously served in state prison, because "sentences [cannot] be concurrent in the sense of having the same starting date because a federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served." *United States v. Flores*, 516 F.3d 840, 841 (5th Cir. 1980). In Dominguez's case, his federal sentence commenced on April 18, 1997, while his state sentences started on November 17, 1994 and February 22, 1995. He cannot retroactively receive "double credit" for that time period between November 17, 1994 and April 18, 1997.

Dominguez cites a First Circuit case that purportedly holds that courts should award previously credited state custody time to federal sentences if the state and federal offenses are related. *See United States v. Benefield*, 942 F.2d 60, 67 (1st Cir. 1991) (holding that "an across-the-board prohibition [against double credits] under all circumstances would lead to illogical results.") His reliance on *Benefield* is misplaced. First, the Fifth Circuit has never adopted this holding.[3] Second,

---

[3] A Circuit split apparently exists on this point. *See Miller v. Crabtree*, 1999 WL 607191, *3, n.8 (D. Oreg. 1999) (discussing a circuit split on the scope of the prohibition against double credits). Dominguez also cites a Third Circuit case purportedly holding that double credits are allowed if they involve related state and federal offenses. *See Rios v. Wiley*, 201 F.3d 257 (3rd Cir. 2000). His reliance on *Rios* is misplaced because the court there emphasized that it was basing

as mentioned previously, Dominguez's state parole violation and his federal offense are unrelated. Thus, *Benefield*, as a factual matter, does not apply to Dominguez's case. Finally, the "double credit" in *Benefield* involved only the time spent in state custody *prior* to the commencement of the prisoner's related state and federal sentences. It did not hold that time actually served for the state sentence can be retroactively credited towards the federal sentence. Put another way, *Benefield* holds only that if Dominguez had received the two days' credit (November 15th to 17th) towards his state sentence for the time spent in state custody *prior* to his state sentence, he could also receive those two days' reduction towards his federal sentence. In short, Dominguez's claim lacks merit.

We also reject Dominguez's second argument that he deserves credit for the time he was subject to the writ of habeas corpus ad prosequendum. Courts have held that a defendant is not entitled to credit towards a federal sentence for the time spent in a federal detention center under a writ of habeas corpus ad prosequendum if the defendant receives credit for that time on his state sentence. *See Vignera v. Att'y Gen. of the United States*, 455 F.2d 637 (5th Cir. 1972) (holding that we do "not require granting of credit where the prisoner has already received full credit for that time on his state sentence which was served prior to the federal sentence"); *see also Rios v. Wiley*, 201 F.3d 257, 275 (3rd Cir. 2000) (disallowing double credits "because the prisoner is not in custody solely because of the pending federal charges, but instead is serving the prior state sentence.") The logic behind this rule is that the writ merely "loans" the prisoner to federal authorities, and the prisoner technically remains in state custody. *See Rios* 201 F.3d at 275. Here, Dominguez concedes that he continued to serve his state sentence during the time he was subject to the writ. Accordingly,

---

its decision not on a statutory interpretation of § 3585(b), but rather on the sentencing court's directives in its order.

he cannot receive "double credit" towards his federal sentence.

Finally, Dominguez presents two motions, both of which we deny. First, his untimely motion to amend and supplement his § 2241 petition should have been filed in the district court prior to the entry of final judgment. Second, his motion to strike the respondent's brief for alleged misinterpretation of case law should similarly be denied as meritless because we affirm the district court's grant of summary judgment.

AFFIRMED; MOTIONS DENIED.