United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 9, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-30550
Conference Calendar

_____

LAMAR H. MCKINLEY,

Petitioner-Appellant,

versus

JOSEPH HARO,

Respondent-Appellee.

---------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 02-CV-750
---------------------

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Lamar H. McKinley, federal inmate #08043-035, appeals the denial of his 28 U.S.C. § 2241 petition. McKinley pleaded guilty to a charge of felon in possession of a firearm and was sentenced to 84 months' imprisonment and three years' supervised release. The sentence was ordered to run consecutively to McKinley's 15-year sentence for armed robbery.

McKinley asserts that he was entitled to credit towards his federal sentence for time served from June 5, 1991, to October

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

14, 1992. He argues that U.S.S.G. § 5G1.3 authorized credit against his federal sentence because the armed robbery was taken into account in the computation of his offense level in the felon in possession case. He argues that the Bureau Of Prisons ("BOP") lacks authority to issue credit against his sentence.

We review the district court's factual findings for clear error. Royal v. Tombone, 141 F.3d 596, 599 (5th Cir. 1998). The Attorney General, through the BOP, determines what credit, if any, will be awarded to a prisoner for time spent in custody prior to the commencement of his sentence. See United States v. Wilson, 503 U.S. 329, 337 (1992).

Time spent by a prisoner in federal custody for the purpose of appearing in federal court via a writ of habeas corpus ad prosequendum is not counted towards the federal sentence if that time was credited towards his state sentence. United States v. Brown, 753 F.2d 455, 456 (5th Cir. 1985). McKinley is not entitled to the credit that he seeks because the time was credited against his state sentence. See 18 U.S.C. § 3585(b); Vignera v. Attorney General, 455 F.2d 637, 638 (5th Cir. 1972).

McKinley's argument under U.S.S.G. § 5G1.3 that his federal sentence should have been ordered to run concurrently concerns an alleged error that occurred at sentencing and does not arise under 28 U.S.C. § 2241. See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001). Accordingly, the judgment of the district court is AFFIRMED.