**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**December 24, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40521
Summary Calendar

_____

WAYNE DYANE ADAMS,

Petitioner-Appellant,

versus

MARVIN D. MORRISON, Warden,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:03-CV-43
--------------------

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Wayne Dyane Adams, federal prisoner # 34109-077, appeals the denial of his 28 U.S.C. § 2241 petition. The respondent has filed a motion to seal exhibits. Adams pleaded guilty to a charge of giving a false statement in connection with a firearm offense. The district court sentenced him to 41 months' imprisonment. Later, in state court, Adams was sentenced to 24 months' imprisonment for a state probation violation.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Adams asserts that he was entitled to credit towards his federal sentence for the time he spent in federal custody due to a transfer error. For the first time in his 28 U.S.C. § 2241 petition, he argues that the Bureau of Prisons (BOP) was required to run his federal sentence concurrently with his state sentence as provided by the state sentencing order.

The district court's factual findings are reviewed for clear error, and legal determinations are reviewed de novo. Royal v. Tombone, 141 F.3d 596, 599 (5th Cir. 1998). The Attorney General, through the BOP, determines what credit, if any, will be awarded to a prisoner for time spent in custody prior to the commencement of his sentence. See United States v. Wilson, 503 U.S. 329, 337 (1992).

Adams is not entitled to the credit that he seeks because the time was fully credited against his state sentence. See 18 U.S.C. § 3585(b); Vignera v. Attorney General, 455 F.2d 637, 638 (5th Cir. 1972). The district court reviewed Adams's argument that his federal sentence was to run concurrently with his state sentence on the merits. Adams has failed to exhaust his administrative remedies with respect to this argument. See Dickerson v. Louisiana, 816 F.2d 220, 225 (5th Cir. 1987). Nevertheless, the judgment can be affirmed on the alternative ground that, because Adams has properly received full credit against his state sentence, he is not entitled to credit on his federal sentence. See Emery v. Johnson, 139 F.3d 191, 195 (5th

Cir. 1997); <u>Bickford v. Int'l Speedway Corp</u>. 654 F.2d 1028, 1031 (5th Cir. 1981).  Accordingly, the judgment of the district court is AFFIRMED.  The respondent's motion to seal exhibits is GRANTED.