**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**March 17, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-41259
Summary Calendar

MARQUETTE D. WILSON,

Petitioner-Appellant,

versus

CONSTANCE REESE, Warden,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:03-CV-439
--------------------

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:*

Marquette D. Wilson, federal inmate # 61683-080, appeals the denial of relief on his 28 U.S.C. § 2241 petition. Wilson was sentenced to a 65-month federal term of imprisonment, and was subsequently sentenced by a state court to a concurrent 10-year term. After completing his state sentence, Wilson was released to a federal detainer and began serving his 65-month sentence.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Wilson unsuccessfully sought credit against his federal sentence from the Bureau of Prisons (BOP).

We review the district court's decision for plain error because Wilson failed to file timely objections to the magistrate judge's report.  See Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

Because Wilson received credit against his state sentence for the time he was in federal custody pursuant to a writ of habeas corpus ad prosequendum, he is not entitled to credit against his federal sentence under 28 U.S.C. § 3585(b).  See United States v. Cleto, 956 F.2d 83, 85 (5th Cir. 1992); Vignera v. Att'y Gen., 455 F.2d 637, 638 (5th Cir. 1972); Wilson's argument under 28 U.S.C. § 3584(b) and U.S.S.G. § 5G1.3 that his federal sentence should have been ordered to run concurrently to his state sentence concerns an alleged error that occurred at sentencing and does not arise under 28 U.S.C. § 2241. See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001).  Wilson's assertion that the BOP is bound by the state court's concurrent sentencing order fails under Leal v. Tombone, 341 F.3d 427, 427-30 (5th Cir. 2003).

Because Wilson did not argue in the district court that he was entitled to credit based on the alleged interruption of his federal sentence, this court need not consider the contention on appeal.  See Free v. Miles, 333 F.3d 550, 552 n.4 (5th Cir. 2003).

Wilson has failed to show error, plain or otherwise, on the part of the district court.  Accordingly, the judgment of the district court is AFFIRMED.