United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 11, 2004**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

No. 03-10846
Summary Calendar

ALVIN CARR, JR.,

Petitioner-Appellant,

versus

UNITED STATES BUREAU OF PRISONS;
LES E. FLEMING, Warden, FMC-Fort Worth,

Respondents-Appellees.

Appeal from the United States District Court
Northern District of Texas
(4:03-CV-525-A)

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges

PER CURIAM:[*]

Alvin Carr, Jr., federal prisoner number 15037-180, appeals, *pro se*, the denial of his § 2241 habeas petition in which he sought credit toward his federal sentence for time spent (while "borrowed" from state custody) in federal custody pursuant to writ of habeas corpus ad prosequendum. Carr contends that the district court relied upon inaccurate facts in denying his petition, complains that the district court abused its discretion in not allowing him

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to file a reply, and asserts that the record does not show that he was given a credit toward his state sentence for the time spent in federal custody.

Carr is not entitled to double credit. Therefore, his complaint that the BOP's records are inaccurate is without merit, because even if true, Carr would not be eligible for credit toward his federal sentence. *See* 18 U.S.C. § 3585; ***United States v. Wilson***, 503 U.S. 329, 334, 337 (1992); ***Vignera v. Attorney General of the United States***, 455 F.2d 637, 637–38 (5th Cir. 1972). Accordingly, the district court did not abuse its discretion by not allowing Carr to file a reply. For Carr's contention that he should receive state credit for the time spent in federal custody, Carr has not met his initial burden of showing that he did not receive such credit. *See* ***Orman v. Cain***, 228 F.3d 616, 619 (5th Cir. 2000).

Because Carr has not briefed whether the district court erred in dismissing the remainder of his claims for failure to exhaust his administrative remedies, that issue is deemed abandoned. *See* ***Yohey v. Collins***, 985 F.2d 222, 224-25 (5th Cir. 1993).

*AFFIRMED*