United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 2, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 03-41483
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARK WAYNE REED,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:95-CR-17-ALL
--------------------

Before DUHÉ, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[1]

Mark Wayne Reed, federal prisoner # 05308-078, appeals from the district court's order denying his "motion for jail time credits." Although not addressed by the district court in its order denying Reed's motion, 28 U.S.C. § 2241 is the proper procedural vehicle for challenging the execution of a sentence. United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994). Because *pro se* pleadings must be liberally construed as seeking the

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

proper remedy, Reed's motion will be treated as arising under 28 U.S.C. § 2241. See United States v. Robinson, 78 F.3d 172, 174 (5th Cir. 1996). Because the district of incarceration is the same as the district of conviction, the Eastern District of Texas had jurisdiction to consider it. See United States v. Weathersby, 958 F.2d 65, 66 (5th Cir. 1992).

Even if it would be futile for Reed to exhaust his administrative remedies, Reed is not entitled to credit on his federal sentence for time spent in state custody prior to the imposition of the federal sentence because that period was credited against another sentence. See 18 U.S.C. § 3585(b); Vignera v. Attorney General, 455 F.2d 637, 638 (5th Cir. 1972). Accordingly, the district court's order is AFFIRMED.