United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 10, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-10663
Summary Calendar

JAMES LEE MALENA,

                                    Plaintiff-Appellant,

versus

AL RICHARD,

                                    Defendant-Appellee.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:02-CV-2258-G
---------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    James Lee Malena (Malena), Texas prisoner # 267290, seeks
leave to proceed in forma pauperis (IFP) to appeal the district
court's dismissal of his 42 U.S.C. § 1983 action for failure to
state a claim.  In his complaint, Malena asserted that Al Richard
(Richard) violated his due process rights by not providing him
with a disciplinary hearing before violations, occurring at a
halfway house, were reported to parole authorities.

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

By moving for leave to proceed IFP, Malena is challenging the district court's certification that his appeal was not taken in good faith because it is frivolous. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(5). However, Malena has not demonstrated any nonfrivolous ground for appeal.

In Morrissey v. Brewer, 408 U.S. 471, 485-89 (1972) the Supreme Court established that in order to comply with due process, a parolee must be afforded a preliminary probable cause hearing when he is arrested for a parole violation and a more through revocation hearing within a reasonable time after he is taken into custody. Malena does not contend that he was denied due process in the form of a preliminary hearing post-arrest for violating a condition of his parole. He cites no authority in support of his contention that he was entitled to a hearing prior to being arrested for the parole violation. Because the loss of liberty as a parole violator does not occur until the parolee is placed under arrest, Malena has failed to state a due process violation against Richard. See Cook v. United States Att'y Gen., 488 F.2d 667, 669-71 (5th Cir. 1974); Deveny v. United States Bd. of Parole, 565 F.2d 875, 878 (5th Cir. 1978).

Accordingly, Malena's IFP motion is DENIED, and the appeal is DISMISSED as frivolous. See Baugh, 117 F.3d at 202; 5TH CIR. R. 42.2. Both the district court's dismissal and this court's dismissal of the instant appeal count as strikes for purposes of

28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996).  Malena is CAUTIONED that if he accumulates three strikes under 28 U.S.C. § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

IFP DENIED; APPEAL DISMISSED; THREE-STRIKES WARNING ISSUED.