United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 14, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-10987
Summary Calendar

DOUGLAS EDWIN PIERCE

Petitioner - Appellant

v.

L E FLEMING, Warden, Federal Medical Center Fort Worth

Respondent - Appellee

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:04-CV-357-A
--------------------

Before KING, Chief Judge, and SMITH and GARZA, Circuit Judges.

PER CURIAM:[*]

Douglas Edwin Pierce, federal prisoner # 03473-180, appeals the district court's denial of his 28 U.S.C. § 2241 petition, in which he contended that the Bureau of Prisons (BOP) incorrectly calculated his federal sentence.

Pierce contends that the district court erred when it concluded that some of his claims were unexhausted. He also argues that the district court erred when it determined that his federal sentence was to run consecutively to a subsequently

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

imposed state sentence and that the district court erred when it determined that the BOP properly credited his sentence for time served.

Pierce argues that the BOP's method of calculating his sentence resulted in prejudice, because a state sentence for various state offenses, imposed after his federal conviction, was calculated in a manner that was inconsistent with the assumptions set forth in the BOP's calculation of his federal sentence. Pierce argues that, based on the BOP's calculation of his sentence, the state failed to credit him for the correct amount of time and his release from state prison was delayed. The record does not indicate that these issues were raised in the administrative proceedings. Therefore, the district court did not abuse its discretion when it determined that Pierce failed to exhaust administrative remedies with respect to these issues. See Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994).

Pierce argues that his federal sentence should have included the time that he was held in federal prison pursuant to a writ of habeas corpus ad prosequendum because his federal sentence should have been treated by the BOP as a concurrent sentence. The sentencing court had the discretion to order that a federal term of imprisonment run either consecutively to or concurrently with an anticipated, but not yet imposed, state sentence. United States v. Brown, 920 F.2d 1212, 1217 (5th Cir. 1991); 18 U.S.C. § 3584(a). The respondent submitted unrefuted evidence with its

summary judgment motion that indicated that the federal sentencing court intended for the sentence to run consecutively to his state sentence.  The district court therefore did not commit error when it concluded that the BOP properly treated Pierce's federal sentence as a sentence that was to run consecutively to his state sentence.

Additionally, the fact that the state court ordered the state sentence to run concurrently with the federal sentence does not change the consecutive nature of the federal sentence. Federal authorities are not bound by sentencing orders from state courts.  See Leal v. Tombone, 341 F.3d 427, 429 n.13 (5th Cir. 2003).  Finally, because the record indicates that the time that Pierce spent in federal custody pursuant to a writ of habeas corpus ad prosequendum was credited against his state sentence, the BOP correctly applied 18 U.S.C. § 3585(b)(2) when it did not include this time as a credit towards Pierce's federal sentence. See Vignera v. Attorney General of the United States, 455 F.2d 637, 637-38 (5th Cir. 1972).

For the foregoing reasons, the judgment of the district court is AFFIRMED.