**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 7, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

TERRY BENNETT WILLIAMSON,

Defendant-Appellant.

No. 08–2228

(D. of N.M.)

(D.C. No. 07-CV-00910-JEC-LF and
05-CR-02120-JEC-1)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **TACHA**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

---

Terry Williamson, a federal prisoner proceeding pro se, appeals the district court's denial of his 28 U.S.C. § 2255 petition for habeas relief. Because Williamson cannot make a substantial showing of the denial of a constitutional right, we decline to issue a Certificate of Appealability (COA) and dismiss the appeal. *See* 28 U.S.C. § 2253(c).

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three–judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

## Background

Williamson pleaded guilty to one count of possession with intent to distribute five grams or more of methamphetamine and one count of possession with intent to distribute less than fifty grams of a mixed substance containing methamphetamine. As a condition of his plea agreement, Williamson waived his right to appeal, and we therefore dismissed his direct appeal on this basis. *See United States v. Williamson*, 217 F. App'x 823, 824 (10th Cir. 2007) (citing *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc)).

Williamson then filed a motion for habeas relief under § 2255. Reading Williamson's pro se motion liberally, *see Brown v. Perrill*, 21 F.3d 1008, 1009 (10th Cir. 1994), we understand him to make three ineffective assistance of counsel claims arising from his attorney's failure to: (1) object to various alleged violations of the Speedy Trial Act; (2) object to the district court's alleged failure to comply with Federal Rule of Criminal Procedure 32(i)(3)(B); and (3) warn Williamson of a potential sentence enhancement.

After considering Williamson's arguments, the district court adopted the magistrate judge's recommendation and dismissed his petition. This appeal followed.

## Discussion

A petitioner cannot appeal the dismissal of a § 2255 petition "unless a circuit justice or judge issues a certificate of appealability." § 2253(c)(1). We

issue a COA only where the petitioner makes "a substantial showing of the denial of a constitutional right." § 2253(c)(2). Doing so requires demonstrating that "reasonable jurists could debate whether . . . the petition should have been resolved in a different way or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quotation and citation omitted); *Coppage v. McKune*, 534 F.3d 1279, 1281 (10th Cir. 2008).

As a preliminary matter, we note that to the extent Williamson is alleging violations of the Speedy Trial Act and Rule 32, neither supports the issuance of a COA because neither implicates a constitutional right. Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a COA issues only where the applicant shows "the denial of a *constitutional* right." § 2253(c)(2) (emphasis added). Statutory claims, even if valid, are not grounds on which to issue a COA. *See United States v. Gordon*, 172 F.3d 753, 753–55 (10th Cir. 1999) (holding that the district court's failure to comply with Federal Rule of Criminal Procedure 32 did not support the issuance of a COA). Thus, Williamson's claims are relevant *only* to the extent they demonstrate ineffective assistance of counsel or to the extent his due process rights were compromised.

To prevail on an ineffective assistance of counsel claim, Williamson must demonstrate that his "attorney's performance 'fell below an objective standard of reasonableness' and that the unreasonably deficient performance resulted in

-3-

prejudice." *Lucero v. Kerby*, 133 F.3d 1299, 1323 (10th Cir. 1998) (quoting

*Strickland v. Washington*, 466 U.S. 668, 688, 691–92 (1984)).  Prejudice exists

where "there is a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different." *Id.* (quoting

*Strickland*, 466 U.S. at 694).

Williamson fails to meet this standard.  He argues his counsel was

ineffective for failing to raise alleged violations of the Speedy Trial Act and of

Federal Rule of Criminal Procedure 32(i)(3)(B).  As the district court explained in

its thoughtful order adopting the findings of the magistrate judge, however,

Williamson's Speedy Trial Act and Rule 32 contentions lack merit.  First,

Williamson either agreed to or waived the days he claims count against the

speedy trial clock.[1]  Second, the court adequately explained its reason for the

continuance such that an objection would have been futile.  Third, counsel was

not ineffective for failing to raise a Rule 32 challenge to the pre-sentence report

because the only issue was the court's legal conclusion that Williamson's prior

convictions made him a career offender.  In sum, because these claims lack merit,

---

[1] Despite Williamson's argument otherwise, this case is unlike *United States v. Zedner*, 547 U.S. 489, 500–01 (2006) (holding "a defendant may not prospectively waive the application of the [Speedy Trial Act]" because the "public interest cannot be served . . . if defendants may opt out of the Act *entirely*" (emphasis added)).  As the district court explained, Williamson did not waive the Speedy Trial Act "for all time," *see id.* at 494, and *Zedner* confirmed the propriety of properly granted ends-of-justice continuances.  *See id.* at 498–500.

reasonable jurists could not find that Williamson's counsel was ineffective for failing to raise them. *See Sperry v. McKune*, 445 F.3d 1268, 1275 (10th Cir. 2006) (explaining that failure to raise a meritless claim is not ineffective assistance of counsel).[2]

Moreover, Williamson argues that his counsel was ineffective for failing to inform him that his prior convictions exposed him to an enhanced sentence under the Federal Sentencing Guidelines. Williamson first raised this contention, however, in his objections to the magistrate judge's recommendation. "In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived." *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001). Williamson therefore waived this argument.

**Conclusion**

Accordingly, we DECLINE to issue a COA and DISMISS the appeal. We also DENY Williamson's motion to proceed *in forma pauperis*.

Entered for the Court,

Timothy M. Tymkovich
United States Circuit Judge

---

[2] Williamson also appears to argue that counsel's decision to request a continuance violated his due process rights and constituted ineffective assistance of counsel. Both claims fail, though, because Williamson has not shown actual prejudice. *See Strickland*, 466 U.S. at 694; *see also United States v. Allen*, 554 F.2d 398, 406 (10th Cir. 1977) (stating that "[a] claim of denial of due process by pre-indictment delay must be supported by a showing of actual prejudice").